BEATTY, Justice:
Defendants Hamilton & Riggs Agency, Inc., and Bill King petitioned this Court for a writ of mandamus directing the trial court to show cause why it should not grant their motion to dismiss and/or a writ of prohibition directing the trial court to refrain from exercising jurisdiction and allowing the case to go forward. We grant the writ of mandamus.
On January 24, 1986, Willard Boyette filed suit in Lawrence Circuit Court against Travelers Indemnity Company of America (“Travelers”), which is incorporated in Georgia and which has its principal place of business in Connecticut, and James A. Todd and Charlotte Todd, residents of Alabama. Boyette’s action sought to enjoin a lawsuit filed by the Todds against Boyette and also sought a declaratory judgment against Travelers to determine insurance coverage relative to the lawsuit filed by the Todds against Boyette.
On February 26, 1986, Travelers removed the cause to the United States District Court for the Northern District of Alabama, Northeastern Division, pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1441(c) (when a separate removable claim is joined with a nonremovable claim, the entire case may be removed).
On February 28,1986, Boyette attempted to amend his complaint in Lawrence Circuit Court by adding Hamilton & Riggs Agency, Inc., an Alabama corporation, and Bill King, a resident of Alabama, to the declaratory judgment claim. In addition, Boyette filed a petition in opposition to removal, stating that, since he had “amended” his state court suit to include resident defendants, the cause should not be removed to federal court.
Hamilton & Riggs Agency, Inc., and King then filed a motion to dismiss in which they objected to the jurisdiction of the Lawrence Circuit Court on the basis that, upon the proper removal of the case, the Lawrence Circuit Court no longer had jurisdiction over the case, and thus, the amended complaint was not proper and was a nullity. The trial court denied the motion to dismiss, without a hearing.
In their petition to this Court, Hamilton & Riggs Agency, Inc., and King requested:
“[T]hat this Honorable Court issue an alternative Writ of Mandamus to the Honorable Billy C. Burney, directing him *659 to show cause why he should not grant defendants’ motion to dismiss for lack of jurisdiction over these defendants. Additionally, and/or alternatively, petitioners respectfully request that this Honorable Court issue a Writ of Prohibition to the Honorable Billy C. Burney, Lawrence County Circuit Court, directing the Court to refrain from exercising jurisdiction and allowing the case to go forward, as stated in the Order of the Court dated 22 April, 1986, unless and until such time as the case is remanded from the United States District Court, or final judgment is entered therein. Petitioners respectfully submit that they have no other adequate remedy in this case, as further proceedings could result in a void judgment, and further, that Petitioners will be forced to defend an action not properly commenced.”
In his answer, Boyette stated that a hearing was held in federal court on his petition in opposition to removal and that the federal court had overruled his petition. Although we do not have before us the record of those proceedings, apparently, in overruling Boyette’s petition, the federal court refused to transfer the case back to state court because the original declaratory judgment action had been properly removed to that court and, thus, the attempt by Boyette to amend his complaint in state court was improper.
Boyette stated in his brief to this Court that he would not oppose the dismissal of the amended complaint in state court. Boyette has requested only that the “dismissal be granted without prejudice upon the ground asserted by the petitioners that the Lawrence County Circuit Court was without jurisdiction over the amended complaint,” citing Rule 41(b), A.R.Civ.P.
We find that Boyette is, indeed, entitled to have the dismissal granted “without prejudice.” The last sentence of Rule 41(b) provides:
“Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.” (Emphasis added.)
The general rule that a dismissal is “with prejudice” is explicitly made inapplicable to a dismissal for lack of jurisdiction, because such a dismissal is not considered an adjudication upon the merits. 9 Wright & Miller, § 2373, at 234-35 (1971). Cf. Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961).
We hereby order the trial court to grant these defendants’ motion to dismiss, with the provision that such dismissal is to be without prejudice.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., concur.