The trial court set aside a default judgment which previously had been entered against the defendants. The plaintiff filed this petition for writ of mandamus asking this Court to order the trial court to reinstate the judgment. We deny the writ.
The plaintiff, Donald W. Lang, an attorney, purchased certain property in Talladega County, Alabama, from the defendants, Frederick E. Ivey and Glenda V. Ivey. The plaintiff gave Mr. Ivey a check drawn on his general law office account in the amount of $15,000 and dated May 15, 1984. The check was not paid by the bank on *Page 4 
which it was drawn, when it was presented by Mr. Ivey. On April 15, 1985, Arthur D. Shores, the defendants' attorney, wrote to the plaintiff about the $15,000 indebtedness, informing him that legal action would be taken unless some plan for payment was agreed to within ten days. Evidently, the plaintiff communicated with Mr. Shores sometime after this letter was written, for on June 21, 1985, Mr. Shores again wrote to the plaintiff reminding him that he had promised to come by Mr. Shores's office to discuss the matter but had failed to do so, and informing him that suit would be filed to collect the indebtedness owed to Mr. Ivey. On June 26, 1985, the plaintiff filed suit against the defendants, seeking a declaratory judgment as to the validity of the $15,000 check; seeking $27,000 for the conversion of equipment; and seeking $500,000 for defamation (the defendants had allegedly placed a billboard on their truck with signs on it that read as follows: "Sylacauga attorney Don Lang gave me a bad check in the amount of $15,000 as payment on his building and he won't make it good").
A summons and complaint were served on each of the defendants on July 10, 1985. Application for entry of default was made by the plaintiff on August 12, 1985; oral testimony was taken; and a judgment was entered that same day. The judgment declared that the plaintiff's $15,000 check to Mr. Ivey was null and void and that the defendants were indebted to the plaintiff in the amount of $50,000 ($27,000 as the result of the conversion, $5,024.15 as a result of overpayment to the defendants, and $17,975.85 for libel and slander).
Answer was filed for the defendants on August 26, 1985, at which time Mr. Shores was notified of the judgment. On August 28, 1985, a Rule 55(c), Ala.R.Civ.P., motion was filed on behalf of the defendants. This motion was heard on September 26, 1985, and the defendants were given ten days to file a brief. On October 7, 1985, within four months of the entry of the default judgment, but while the Rule 55(c) motion was pending, the defendants filed "An Amendment to Motion and Brief in support of Motion to set aside the Final Judgment by Default," alleging grounds under Rule 60(b)(1), "mistake, inadvertence, surprise, or excusable neglect," and 60(b)(6) "any other reason justifying relief from the operation of the judgment."[1]
On December 3, 1985, the trial court entered an order purporting to set aside the default judgment that had been entered on August 12, 1985, and to restore the case to the active docket. The plaintiff contends that, pursuant to Rule 59.1, the Rule 55(c) motion was denied by operation of law on November 26, 1985, i.e., 90 days after August 28, 1985, the date it was filed. We agree. He further contends that the document filed on October 7, 1985, was but an amendment to the Rule 55(c) motion. He argues that its filing related back to the date the Rule 55 motion was filed and, consequently, that any relief requested therein was also denied by operation of law 90 days after August 28, 1985. We disagree with this further contention.
It is clear that under our Rules of Civil Procedure the nomenclature of a motion is not controlling. Ex parte HartfordIns. Co., 394 So.2d 933 (Ala. 1981). Notwithstanding the designation in its title, the document filed on October 7, 1985, was clearly a Rule 60(b) motion (albeit, prematurely filed) seeking relief under grounds (1) and (6); the trial court properly treated it as such. The Alabama Rules of Civil Procedure do not contemplate the filing of a Rule 60(b) motion during the pendency of a Rule 55(c) motion. But while the Rules do not contemplate it, they do not preclude it, either. Under Rule 59.1, the Rule 55(c) motion was denied as a matter of law on November 26, 1985 (90 days after August 28, 1985); upon that denial, the default judgment of August 12 became "final" within the contemplation of Rule 60(b) — "[o]n motion . . . the court may relieve a party . . . from a final judgment" — and the *Page 5 
court was free to consider the Rule 60(b) motion, which had been theretofore premature. We consider that the Rule 60(b) motion was quickened and became a pending motion as of November 27, 1985, without the necessity of a refiling. Thus, the court had jurisdiction of that motion at the time of its order granting the motion on December 3, 1985.
Within the framework of the Alabama Rules of Civil Procedure, the trial court has, and must have, the discretion to balance the need of finality of a judgment against the desire to remedy an injustice. Mandamus is an extraordinary remedy, which should be granted only when there is a clear showing that the trial court abused its discretion. Ex parte Hartford Ins. Co., supra.
Whether a Rule 60(b) motion for relief from a final judgment should be granted or denied is a matter within the sound discretion of the trial court, and its judgment will not be disturbed unless it abuses that discretion. Ex parte SouthernRoof Deck Applicators, Inc., 484 So.2d 447 (Ala. 1986). In the absence of abuse, the exercise of a discretion vested in the trial court obviates the use of the remedy of mandamus.
We find no abuse of discretion on the part of the trial court in setting aside the default judgment pursuant to Rule 60(b)(1) and in permitting the action to be tried so that all parties can have their day in court.
WRIT DENIED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
[1] The attorney for the defendants had been in the midst of a dissolution of a legal partnership, which created a heavy workload. In addition to this, he had had a serious illness in his family.