The appeal is dismissed ex mero motu.
On March 7, 1984, the trial court granted a summary judgment in favor of each of the defendants. Though it was not necessary, since all claims as to all served defendants were adjudicated, so that the judgment was "final" anyway, the trial court used the following language: "and further, the Court expressly directs that said judgments be entered and made final in accordance with the provisions of Rule 54(b) of the Alabama Rules of Civil Procedure."
On November 14, 1985, over 20 months after final judgment, appellant Johnny Corretti filed a Rule 60(b)(6) motion for relief from the summary judgments, alleging a lack of notice.
On January 29, 1986, the trial court entered the following order:
 "Plaintiff's Motion for Relief from Judgment Order of March 7, 1984, is granted and the summary judgments entered that date are hereby set aside and held for naught due to the court's concern that notice of this ruling was not communicated to counsel for the plaintiff, Johnny Corretti. Upon consideration of the previously filed Motions for Summary Judgment, it is the judgment of the court that the Motions for Summary Judgment [here all of the defendants are named], are due to be and hereby are granted. The court expressly determines that there is no just reason for delay in the entry of said summary judgments in behalf of these defendants and further, expressly directs that said judgments be entered and made final in accordance with provisions of Rule 54(b) of the Alabama Rules of Civil Procedure."
Rule 77(d), Ala.R.Civ.P., provides in pertinent part:
 "Lack of notice of the entry [of an order or judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time now provided for appeals in civil actions."
Rule 60(b), Ala.R.Civ.P., cannot be substituted for the exclusive remedy provided by Rule 77(d) and thereby used as a method to extend the time within which to appeal. Cockrell v.World's Finest Chocolate Co., 349 So.2d 1117, 1119 (Ala. 1977); see Hayden v. Harris, 437 So.2d 1283, 1287 (Ala. 1983).
Rule 77(d), Ala.R.Civ.P., controls this case and prevents the lack of notice of the entry of an appealable order or judgment from being a ground for a Rule 60(b) motion. To the extent thatSnowden v. United Steelworkers of America, 435 So.2d 62 (Ala. 1983), is contrary to our holding in this case, it is expressly overruled. This Court looks to substance and not form in determining the nature of a motion, see Ex parte Lang,500 So.2d 3 (Ala. 1986); even so, treating his Rule 60(b) motion as a motion for relief under Rule 77(d) would not help Corretti, because the trial court has no jurisdiction of a Rule 77(d) motion filed more than 72 days (i.e., 42 days for appeal, Rule 4, Ala.R.App.P., plus 30 days under Rule 77(d), as extended by Rule 6(a), Ala.R.Civ.P., when the final day is a Saturday, Sunday, or "legal holiday") after the entry of an appealable order or judgment. Certainly, it has no jurisdiction of the motion in this case, which was filed 617 days after such a judgment.
The January 29, 1986, order is void. Because the notice of appeal was not timely filed, the appeal is dismissed.
APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur. *Page 410