ADAMS, Justice.
Plaintiff appeals from the granting of defendant’s motion to set aside a default judgment and a subsequent judgment for the defendant. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
The following facts are pertinent to a determination of the case.
The plaintiff, Joseph & Spain, prepared a proposal for the structural design of Sea Escape Condominiums in Gulf Shores, Alabama. In return, the defendant, Perry Hand & Associates agreed to pay Joseph & Spain “5% of the total construction costs less 5% of the estimated foundation costs.” The project was abandoned. Joseph & Spain sued for its design fee.
The case was originally set for trial in September 1986, but was continued on a joint motion of the parties until January 1987. In January the defendant failed to appear, but his counsel moved that the matter be continued again. The trial judge granted the motion and the trial was set for March 2, 1987. On February 17, 1987, the attorney for defendant filed a motion to withdraw, which was subsequently granted by the trial court on February 26. The order of the court states that “Defendant is hereby ordered to secure substitute counsel on or before March 2, 1987, the date this case is set for trial.” The clerk’s record indicates that copies of the order were mailed to the parties.
On March 2, 1987, the date of the trial, the defendant again failed to appear and the judge entered a $44,000.00 default judgment against the defendant. On May 8, 1987, the defendant filed a motion to set aside the default judgment pursuant to Rule 60(b) Ala.R.Civ.P. This motion was granted by the trial judge, and the case was placed on the July docket. After hearing the evidence, the trial judge ruled in favor of the defendant, holding that the plaintiff had “failed to show proper evidence of damages.”
The plaintiff contends that the trial judge erred in setting aside the default judgment. Our cases hold that a decision to grant or to deny a Rule 60(b) motion is within the sound discretion of the trial judge. Ex parte Dowling, 477 So.2d 400 (Ala.1985); Ex parte Lang, 500 So.2d 3 (Ala.1986). Such a ruling will not be disturbed unless the trial judge abuses his discretion. Id. In the case sub judice, defendant offered an affidavit stating that *230 it had not received notice of the March 2 proceeding. Furthermore, the affidavit stated that “the amount claimed in said suit is much greater than the contract called for.” In granting the defendant’s motion to set aside the default judgment, the judge noted that the defendant appeared not to have received actual notice of the hearing. In fact, the motion made by the defendant’s attorney to withdraw was not granted until Thursday, February 26. It is not unlikely that the notice failed to reach the defendant prior to March 2 and in time for him to secure new counsel. Therefore, we cannot say that the trial court abused its discretion in setting aside the default judgment.
After hearing the evidence of both' the plaintiff and the defendant, the judge ruled for the defendant, stating that the plaintiff had “failed to show proper evidence of calculation of damages.” The plaintiff contends that this ruling was in error. The contract stated that Joseph & Spain would be entitled to “5% of the total construction costs less 5% of the estimated foundation costs.” At trial, the plaintiff offered evidence that it had put at least 386 hours of work into the project. Furthermore, it offered evidence that had the project been on an hourly basis, its rate would have been $40.00 an hour. Joseph & Spain attempted to offer evidence that its bill was in the amount of $44,000.00. However, the evidence offered was purely speculative, and damages cannot be based upon pure speculation. Johnson v. Harrison, 404 So.2d 337, 340 (Ala.1981).
The defendant, on the other hand, admitted liability as early as the time he filed his Rule 60(b) motion to set aside the default judgment. The defendant stated in his affidavit .that he “does not owe the plaintiff any where [sic] near the amount that the plaintiff has sued for.” At trial, the defendant testified that the plaintiff had offered to accept $26,000.00 as its fee. At no time during the trial did the defendant dispute his liability. In fact, he admits liability in the amount of $26,000.00. This dispute revolves around the amount of damages owed to Joseph & Spain. In light of the defendant’s own testimony that Joseph & Spain agreed to do the work for $26,000.00 and testimony that that was the basis upon which the plaintiff was permitted to continue with its design, we hold that $26,000.00 would be the minimum damages allowed to the plaintiff. Because the plaintiff did not offer proper evidence showing damages greater than that amount admitted by the defendant, we hold that the plaintiff is entitled to a judgment of $26,000.00. Because the trial judge did not err in setting aside the default judgment, we affirm that part of his order, but reverse that part wherein he disallows plaintiff’s damages.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.