On December 14, 1990, the trial court entered a judgment on an arbitration award between Robert E. Lindstrom and Billy Jones. On January 2, 1991, Jones filed a Rule 59(e), A.R.Civ.P., motion to alter, amend, or vacate the judgment. The trial court denied the motion on January 3, 1991.
On October 2, 1991, Jones filed what he claimed was a Rule 60(b)(6) motion with the trial court for relief from the December 14, 1990, judgment, alleging only a lack of notice of the January 3, 1991, ruling. The trial court granted the motion and set aside the December 14, 1990, judgment. The trial court then entered a "final judgment" on December 18, 1991, in favor of Jones. Lindstrom now appeals, contending that the December 18, 1991, judgment is void.
Although Jones styled his motion before the trial court as a Rule 60(b)(6) motion, we hold that Rule 77(d), A.R.Civ.P, controls this case. See Corretti v. Pete Wilson Roofing Co.,507 So.2d 408 (Ala. 1986). Rule 77(d) provides in pertinent part:
 "Lack of notice of the entry [of an order or judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original *Page 961 
time now provided for appeals in civil actions."
Rule 77(d) provides the exclusive remedy in situations where a party claims lack of notice, and Rule 60(b) cannot be substituted as a method to extend the time within which to appeal. Corretti.
As noted above, Rule 77(d) controls this case and prevents Jones's alleged lack of notice from being a ground for a Rule 60(b) motion. Corretti. Because it was filed more than 72 days (42 days for appeal, plus 30 days as allowed by Rule 77(d)) after the trial court's denial of the Rule 59(e) motion on January 3, 1991, the trial court had no jurisdiction to rule on the motion. Therefore, the December 18, 1991, judgment is void. Further, the present notice of appeal was not timely filed from the January 3, 1991, final judgment, and this appeal is due to be dismissed.
APPEAL DISMISSED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.