On November 2, 1995, Edward H. Ireland sued his former employer, Piggly Wiggly Alabama Distributing Company ("Piggly Wiggly") and Avery Key, Bobby Martin, and Larry Morgan, management employees of Piggly Wiggly. His complaint contained counts alleging wrongful termination, defamation, false imprisonment, and the tort of outrage. Ireland's claims arise out of the termination of his employment with Piggly Wiggly. All of the defendants filed an answer denying the material allegations of Ireland's complaint.
On June 19, 1996, Piggly Wiggly and Avery Key filed a motion for a summary judgment; Larry Morgan filed a motion for a summary judgment in October 1996. Although Martin's name was not included on the motions for a summary judgment, on April 14, 1997, the trial court entered a partial summary judgment in favor of "all" of the defendants, "except for [Ireland's] claim for vacation pay against defendant Piggly Wiggly." On November 4, 1997, the trial court entered an order certifying its partial summary judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P.
On January 23, 1998, Ireland filed a motion to set aside the trial court's November 4, 1997, judgment. In that motion, Ireland argued that the clerk's office had failed to notify him of the trial court's entry of judgment. The defendants filed an objection to Ireland's motion to set aside the judgment, arguing that the motion was untimely.
On March 2, 1998, after conducting a hearing on Ireland's motion, the trial court entered an order purporting to set aside its November 4, 1997, order and purporting to issue a new order, the terms of which are identical to its November 4, 1997, order. On March 9, 1998, Ireland appealed to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7, Ala. Code 1975.
Ireland raises several issues on appeal. However, the defendants argue that Ireland *Page 845 
did not timely file his notice of appeal. We agree that this appeal is untimely; therefore, we must dismiss the appeal. Rule 2(a)(1), Ala. R.App. P.
The trial court entered its final judgment on November 4, 1997. The parties had 42 days to appeal from that final judgment. Rule 4(a)(1), Ala. R.App. P. On January 23, 1998, Ireland filed a motion entitled "motion to set aside order." In that motion, Ireland alleged that the clerk's office did not notify him of the entry of the judgment. The language of that motion is consistent with a motion made pursuant to Rule 60(b), Ala. R. Civ. P. However, the lack of notice from the clerk's office is not a ground for relief under Rule 60(b), Ala. R. Civ. P.; Rule 77(d), Ala. R. Civ. P., exclusively governs actions in which a litigant claims that the clerk's office failed to notify him of the trial court's entry of judgment. Lindstrom v.Jones, 603 So.2d 960 (Ala. 1992); Corretti v. PeteWilson Roofing Co., 507 So.2d 408 (Ala. 1986).
Rule 77(d), Ala. R. Civ. P., provides in part:
 "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions."
The last day for Ireland to file a timely appeal was December 16, 1997, the 42d day after the trial court's November 4, 1997, final judgment. Ireland could have petitioned the trial court to extend the time for appeal by 30 days, pursuant to Rule 77(d). However, Ireland filed his motion more than 72 days (42 days to appeal, plus 30 days pursuant to Rule 77(d)) after the trial court's entry of the final judgment; therefore, the trial court did not have jurisdiction to rule on Ireland's motion.Lindstrom v. Jones, supra.
Even if we interpreted Ireland's motion as one made pursuant to Rule 77(d), we would have to hold that the motion is deficient. Not only was the motion made after the expiration of the 30 additional days allowed by Rule 77(d), but Ireland did not allege in his motion any circumstances that would amount to "excusable neglect." See Rule 77(d), Ala. R. Civ. P.
The Supreme Court of Alabama has affirmed a trial court's order setting aside its judgment pursuant to Rule 77(d) where the party acted diligently in attempting to follow the status of the case and timely filed a Rule 77(d) motion. Turner v.Barnes, 687 So.2d 197 (Ala. 1997). In Lindstrom v.Jones, 603 So.2d 960 (Ala. 1992), the court reversed a trial court's order for setting aside, for lack of notice to a party, a judgment entered almost a year earlier. In Lindstrom, the party alleged only a lack of notice; he did not allege that he made any attempts to follow the status of his case. InCorretti v. Pete Wilson Roofing Co., 507 So.2d 408
(Ala. 1986), the court reversed a trial court's order granting a party's motion to set aside the judgment on his claim of lack of notice, where the party waited 617 days after the entry of the final judgment. In this case, as in Corretti andLindstrom, the motion, taken as a Rule 77(d) motion, was untimely, and it contained no allegation of excusable neglect.
The trial court's March 2, 1998, order, which we take as a purported order granting a Rule 77(d) motion, purporting to set aside its prior order and reissue its summary judgment in favor of the defendant, is void. Because this appeal was filed beyond the expiration of the 42 days allowed for an appeal, and not within a valid extension pursuant to Rule 77(d), this appeal is due to be dismissed. Rule 2(a)(1), Ala. R.App. P.
DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur. *Page 846