Lisa Lynne Gallo sued Barry Charles Gallo for a divorce. On September 2, 1998, the trial court entered a judgment divorcing the parties, dividing their marital property, awarding the wife custody of the parties' minor daughter and awarding the husband custody of the parties' minor son.
The entry of the trial court's September 2, 1998, divorce judgment was documented on both the computerized case action summary sheet and the handwritten case action summary sheet. However, it is undisputed that the clerk's office did not send copies of the judgment to the parties, as required by Rule 77, Ala.R.Civ.P. It is also undisputed that the parties first became aware of the entry of the divorce judgment 43 days after it had been entered.
On October 27, 1998, the wife filed a postjudgment motion pursuant to Rule 59, Ala.R.Civ.P. The wife alleged that that motion was timely, "based upon [the date of] receipt of the divorce [judgment]." On December 22, 1998, the wife filed a motion pursuant to Rule 60(b), Ala.R.Civ.P. The wife also filed a motion asking the trial judge to recuse himself.
The trial court conducted a hearing on the wife's Rule 60(b) motion. On January 26, 1999, the trial court granted the wife's Rule 60(b) motion and purported to enter a new divorce judgment. In fact, the "new" judgment was not materially different from the September 2, 1998, judgment. Both parties filed postjudgment motions. The trial court denied those motions. The *Page 1095 
husband appealed, and the wife cross-appealed.
The husband argues that the September 2, 1998, divorce judgment is a final judgment and that the trial court erred in granting the wife's Rule 60(b) motion and reentering the same divorce judgment.
The trial court entered its divorce judgment on September 2, 1998. The parties had 42 days to appeal from that final judgment. Rule 4(a)(1), Ala.R.App.P. Fifty-five days after the entry of that judgment, the wife filed a postjudgment motion, purportedly pursuant to Rule 59, Ala.R.Civ.P.; however, that motion was untimely. See Rule 59, Ala.R.Civ.P. On December 22, 1998, 111 days after the entry of the divorce judgment, the wife filed a Rule 60(b) motion seeking relief from the September 2, 1998, divorce judgment; she also sought to withdraw the October 27, 1998, motion. As grounds for the December 22, 1998, motion, the wife stated that she had not received notice of the entry of the trial court's divorce judgment until after the time to appeal that judgment had expired. "However, the lack of notice from the clerk's office is not a ground for relief under Rule 60(b), Ala.R.Civ.P.; Rule 77(d), Ala.R.Civ.P., exclusively governs actions in which a litigant claims that the clerk's office failed to [timely] notify [her] of the trial court's entry of judgment." Irelandv. Piggly Wiggly Alabama Distributing Co., 719 So.2d 844,845 (Ala.Civ.App. 1998).
Rule 77(d), Ala.R.Civ.P., provides in part:
 "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions."
It is well settled that Rule 60(b), Ala.R.Civ.P., may not be substituted for the exclusive remedy provided by Rule 77(d) for a litigant who claims a lack of notice from the clerk's office; it is equally well settled that Rule 60(b) may not be used to extend the time within which a party may appeal. Lindstrom v. Jones, 603 So.2d 960 (Ala. 1992);Corretti v. Pete Wilson Roofing Co., 507 So.2d 408
(Ala. 1986); Moser v. Crayton, 726 So.2d 696
(Ala.Civ.App. 1998); Ireland v. Piggly Wiggly Alabama DistributingCo., supra.
Neither party filed a motion pursuant to Rule 77(d) asking the trial court to extend the time for appeal for an additional 30 days. Although the wife's October 27, 1998, postjudgment motion was filed within 72 days of the divorce judgment (42 days to appeal, plus 30 additional days pursuant to Rule 77(d)), we cannot interpret that motion as a Rule 77(d) motion to extend the time for appeal. In her postjudgment motion, the wife addressed the issue of the late notice from the clerk's office by stating only that, in her opinion, her motion was timely, measuring from the date she received notice from the clerk's office. The wife did not allege any circumstances that would amount to "excusable neglect." See Rule 77(d), Ala.R.Civ.P.; Ireland v. Piggly Wiggly Alabama Distributing Co., supra.
The wife's December 22, 1998, motion clearly sought relief from the divorce judgment on various grounds under Rule 60(b), Ala.R.Civ.P. Even if this court were to interpret the December 22, 1998, motion as one made pursuant to Rule 77(d), we would have to hold that the motion was deficient. The December 22, 1998, motion was made well after the expiration of the 30 additional days that could have been allowed by Rule 77(d). The trial court had no jurisdiction to consider a Rule 77(d) motion filed more than 72 days *Page 1096 
after the entry of the divorce judgment. Corretti v. PeteWilson Roofing Co., supra.
The January 26, 1999, order is void. Neither the appeal nor the cross- appeal was filed within 42 days from the entry of the September 2, 1998, divorce judgment and thus neither was timely filed. Accordingly, the appeal and the cross-appeal are due to be dismissed. Rule 2(a)(1), Ala.R.App.P.
 DISMISSED.
Robertson, P.J., and Yates and Monroe, JJ., concur.
Crawley, J., concurs in the result.