Rex Hopper and Louise Hopper appeal from a judgment of the Jefferson County Circuit Court, Bessemer Division, that, among other things, declared the existence of an easement running between their property and property owned by Bobby Sims and Janice Sims. Pursuant to Rule 2(a)(1), Ala.R.App.P., we dismiss the appeal as having been untimely filed.
In 1998, Elvin George and Barbara L. George, Rex Hopper's parents, filed an action against the Simses seeking, among other things, a declaration that an easement existed across the Simses' property and an injunction preventing the Simses from interfering with the George's use of the claimed easement. After the Simses had answered the Georges' complaint and had filed a counterclaim, the complaint was amended to join the Hoppers, who also own property adjacent to the Simses' property, as plaintiffs. At that time, the Georges and the Hoppers were represented by the same counsel. Later, Jerry Wayne Williams and Kathy Ann Williams, two other persons who hold property adjacent to the Simses' property, were permitted to intervene in the case.
After an ore tenus proceeding that took place between September 28 and October 1, 1998, the trial court took the case under advisement. On March 31, 1999, the trial court entered a judgment that established *Page 124 
the permanent location of a roadway along the common boundary line running between the Simses' property on one side and the Georges', the Hoppers', and the Williamses' property on the other side; the judgment also allocated the cost of future maintenance of the roadway among the parties.
On April 5, 1999, the Williamses filed a motion, pursuant to Rule 59, Ala.R.Civ.P., to alter, amend, or vacate the judgment; on April 13, 1999, the Simses also filed a Rule 59 motion. The Williamses' motion was denied on April 13, 1999; however, the Simses' motion was set on April 21, 1999, for a hearing.
At some point after the conclusion of the trial, the Hoppers retained a separate attorney to represent their interests. However, the record does not contain any notice of appearance on the part of that attorney, nor any motion to withdraw on the part of the Georges' attorney with respect to his representation of the Hoppers; the transcript of the hearing on the Simses' postjudgment motion, which hearing was held on May 17, 1999, is the first recorded indication that the Hoppers were being represented by separate counsel. At that May 17 hearing, the trial court clearly indicated to all counsel, including the Hoppers' new counsel, that it would deny the Simses' postjudgment motion.
On June 28, 1999, the trial court entered an order denying the Simses' postjudgment motion and purporting to again deny the Williamses' postjudgment motion. Although the case action summary sheet bears a notation, dated June 30, 1999, that all attorneys had been notified of the order denying the postjudgment motions via facsimile, it appears that the Hoppers' new counsel was not notified because on August 4, 1999, in a written response to a contempt motion filed by the Simses on July 9, 1999, the Hoppers contended that the trial court's judgment was "not yet final" because the trial court had allegedly failed to rule on the postjudgment motions.
At a September 9, 1999, hearing on the contempt petition, counsel for the Hoppers stated that neither he nor the Hoppers had had notice of the trial court's order of June 28, 1999, denying the Simses' postjudgment motion, and alluded to the possibility that he might attempt to seek relief under Rule 60(b), Ala.R.Civ.P., governing relief from judgments. While there is no motion seeking relief under that rule explicitly set out in the record, we infer that such a motion was apparently given to the trial court during the September 9 contempt hearing or immediately thereafter because the case action summary sheet bears the following notation, dated September 21, 1999, and signed by the trial court judge: "The Court finds that no notice of the denial of the Motion for New Trial or Motion to Alter, Amend, or Vacate was given to Rex and Laura Hopper [or their counsel]. Therefore, the Court grants the [Rule] 60(b)(6) motion." The Hoppers' notice of appeal was filed on November 2, 1999, and the case was transferred to this court by the Alabama Supreme Court.
Although the parties to this appeal have not challenged our appellate jurisdiction, we must consider whether we have jurisdiction over this appeal, because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Wallace v. Tee Jays Mfg. Co.,689 So.2d 210, 211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987)).
Rule 4(a)(1), Ala.R.App.P., provides (with limited exceptions not here pertinent) that a party desiring to appeal to an appellate court file his or her notice of appeal within 42 days of the date of the entry of the judgment appealed from. While Rule 4(a)(3), Ala.R.App.P., provides that the filing of a postjudgment motion under Rule 59, Ala.R.Civ.P., will suspend the time for filing a notice of appeal, "the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting *Page 125 
or denying such motion" (emphasis added). In this case, the trial court entered an order denying the Simses' postjudgment motion (i.e., the only postjudgment motion still before the trial court) on June 28, 1999. Thus, the 42-day period for filing a notice of appeal from the trial court's judgment expired on August 9, 1999. Because the Hoppers' notice of appeal was not filed until November 2, 1999, 84 days later, it is prima facie untimely.
We further note that the trial court's order purporting to grant relief to the Hoppers under Rule 60(b)(6), Ala.R.Civ.P., is a nullity. Rule 77(d), Ala.R.Civ.P., exclusively governs situations in which a party claims lack of notice of the entry of a judgment or order. That rule provides, in pertinent part, as follows:
 "Lack of notice of the entry [of an order or judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions."
"Rule 60(b), Ala.R.Civ.P., cannot be substituted for the exclusive remedy provided by Rule 77(d) and thereby used as a method to extend the time within which to appeal." Corretti v. Pete Wilson Roofing Co., 507 So.2d 408, 409 (Ala. 1987); accord, Lindstrom v. Jones, 603 So.2d 960, 961 (Ala. 1992); Gallo v. Gallo, 741 So.2d 1093, 1095 (Ala.Civ.App. 1999).
Moreover, at the time the trial court entered its September 21, 1999, order, it could not have properly granted the Hoppers an extension of time under Rule 77(d). Upon a showing of "excusable neglect based on a failure of the party to learn of the entry of the judgment or order," that rule authorizes the circuit court to extend the time for appeal no more than 30 days from the original deadline for filing a notice of appeal. Here, that original deadline was August 9, 1999; thus, the trial court had the power, on a proper motion under Rule 77(d), to extend the Hoppers' deadline for filing a notice of appeal only to September 8, 1999. Because there is no indication in the record that the Hoppers filed such a motion on or before September 8, 1999, the trial court had no jurisdiction to afford the Hoppers any relief under Rule 77(d). Corretti, 507 So.2d at 409; Ireland v. Piggly Wiggly Alabama Distr. Co., 719 So.2d 844, 845 (Ala.Civ.App. 1998).
Finally, it must be remembered that the trial court's September 21, 1999, order purporting to grant Rule 60(b) relief is predicated solely upon the clerk's failure to notify the Hoppers or their new counsel of the entry of the June 28, 1999, order denying the Simses' postjudgment motion. However, that ground is not sufficient to permit an extension of time to appeal under Rule 77(d). "[N]othing in the plain language of Rule 77(d) or in existing caselaw relieves [a] party seeking an extension of time of the burden of showing `excusable neglect' that caused the appeal not to be filed within the time ordinarily allowed." Bacon v. Winn-Dixie Montgomery, Inc., 730 So.2d 600, 602 (Ala. 1998). "That is, when nothing can be shown beyond a party's simple reliance on the notification process of the clerk's office, the plain language of Rule 77(d) prohibits the granting of an extension of time within which to appeal." Id.; accord, Ireland,719 So.2d at 845 (noting that the appellant had not alleged any circumstances that would amount to "excuseable neglect" where his motion to set aside the judgment referred only to a lack of notification by the clerk). As in Bacon, it appears that the appellants failed to act diligently in keeping abreast of the status of their case; although the Simses' postjudgment motion could not have remained pending in the trial court beyond July 12, 1999, without the recorded consent of all parties or *Page 126 
leave of the appropriate appellate court (see Rule 59.1, Ala.R.Civ.P.), the Hoppers' August 4, 1999, "Response to Motion for Contempt" shows that they had not ascertained the actual status of that postjudgment motion 23 days after it would have been deemed denied by operation of law under Rule 59.1 (had it not earlier been expressly denied by the trial court).
The Hoppers' notice of appeal was filed over 42 days after the trial court had entered its order denying the Simses' postjudgment motion, and the trial court did not have the authority in this case to permit the Hoppers to file a timely notice of appeal outside of the 42-day period prescribed by Rule 4(a)(1), Ala.R.App.P. Rule 2(a)(1), Ala.R.App.P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Because we have concluded that the Hoppers' notice of appeal was not timely filed, we must dismiss their appeal. Asam v. City of Tuscaloosa, 585 So.2d 60 (Ala.Civ.App. 1991), cert. denied,502 U.S. 1033 (1992).
APPEAL DISMISSED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.