Nan H. Altmayer; Jay P. Altmayer II; Patricia Storace; South Alabama Trust Company, as trustee of the Joseph Treadwell Charitable Trust; AmSouth Bank, as trustee of the GST Non-Exempt Marital Trust under Article Five of the Will of Jay P. Altmayer; the estate of Charles Arendall, Jr.; and AmSouth Bank, as trustee of the GST Exempt Marital Trust under Article Five of the Will of Jay P. Altmayer (hereinafter referred to collectively as "the plaintiffs") appeal from a judgment entered by the Mobile Circuit Court dismissing their claims against Peter Stremmel and Steve Stremmel ("the Stremmels") for lack of personal jurisdiction. We dismiss the appeal.
 Facts
The plaintiffs were co-lessees with Bill Stremmel, the deceased father of Peter Stremmel and Steve Stremmel, of real property in Mobile upon which a building was located ("the property"). After Bill Stremmel died, his will was admitted to probate in Washoe County, Nevada, on October 21, 1994; pursuant to the will, the Stremmels allegedly became the owners of their father's interest in the leases on the property.[1]
On May 22, 2002, the plaintiffs sued the Stremmels in the Mobile Circuit Court. In their complaint, the plaintiffs alleged that the Stremmels had become lessees and cotenants in the property but had failed to make the payments necessary to fulfill their pro rata shares of the expenses and costs due under the leases. The plaintiffs asserted that, as of January 11, 2002, the Stremmels owed them $64,501.93 for payments the plaintiffs had made on the Stremmels' behalf in order to fulfill obligations under the leases on the property.
In July 2002, the Stremmels filed with the trial court affidavits concerning their residency, and they moved the court to dismiss the action on the basis that the trial court lacked personal jurisdiction over them.
On October 4, 2002, the trial court held a hearing, and on November 8, 2002, the court entered an order granting the Stremmels' motion to dismiss. The court found that the Stremmels were not subject to the court's jurisdiction, and it dismissed the case with prejudice.
On January 8, 2003, 61 days after the entry of the court's November 8, 2002, order, the plaintiffs filed a motion and an accompanying affidavit of the plaintiffs' counsel asserting that neither they nor their counsel had received notice of the order dismissing the case before January 8. Therefore, the plaintiffs moved the court, pursuant to Rule 77(d), Ala. R. Civ. P., to extend the time for appeal by 30 days, asserting that this would give them *Page 307 
until January 19, 2003,[2] to file their notice of appeal. In the alternative, the plaintiffs moved the court, pursuant to "Rule 59(e) and/or 60(b)," Ala. R. Civ. P., to alter or amend its order dismissing the case, and to change the dismissal from "with prejudice" to "without prejudice." The plaintiffs argued that the trial court should grant their Rule 59(e) motion because they had "learned of the [court's] order today," i.e., January 8, 2003, and they similarly requested the court to amend its order pursuant to Rule 60(b) "based upon the fact that Plaintiffs learned of the order today."
On January 29, 2003, the trial court made an entry on the case action summary purporting to grant the plaintiffs' January 8 motion, which provided as follows:
 "GRANTED, The attorneys for the plaintiffs did not get a copy of the order dated November 8, 2002."
On March 11, 2003, the plaintiffs filed a notice of appeal with this Court. On appeal, the Stremmels assert that this Court is without jurisdiction to entertain the plaintiffs' appeal.
 Analysis
On November 8, 2002, the trial court granted the Stremmels' motion to dismiss, and the 42-day period for filing a notice of appeal from the trial court's judgment expired on December 20, 2002. See Rule 4, Ala. R.App. P. However, the plaintiffs' notice of appeal in this case was not filed until March 11, 2003. The Stremmels assert that the appeal must be dismissed pursuant to Rule 2(a)(1), Ala. R.App. P. "`"[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987).' Ex parte Fort James Operating Co., 871 So.2d 51, 54
(Ala. 2003)." Dunning v. New England Life Ins. Co., [Ms. 1011927, Nov. 21, 2003] 890 So.2d 92, 97 (Ala. 2003). Thus, we must first consider whether we have jurisdiction over this appeal.
In their January 8, 2003, motion, the plaintiffs acknowledged that the 42-day period for filing an appeal had expired on December 20, 2002. Accordingly, the plaintiffs moved the court to allow them, pursuant to Rule 77(d), Ala. R. Civ. P., to extend their time for filing an appeal by 30 days. Rule 77(d), Ala. R. Civ. P., provides, in pertinent part, as follows:
 "(d) Notice of Orders or Judgments. Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and who was not present in person or by that party's attorney or not otherwise notified, when such order or judgment was rendered, and make a note on the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or *Page 308 
order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions."
Rule 77(d), Ala. R. Civ. P., clearly mandates a process by which clerks of the circuit courts are expressly directed to notify the parties to an action of the entry of a judgment, and we have noted that the language of Rule 77(d)
 "is not `aspirational.' . . . However, the language following that portion of Rule 77(d) imposing on the clerks and registers a duty to notify the parties of the entry of a judgment, by mail, clearly states that the failure of the clerk's office to fulfill that duty in no way affects the time to appeal unless a party can show excusable neglect."
Bacon v. Winn-Dixie Montgomery, Inc., 730 So.2d 600, 602 (Ala. 1998) (emphasis omitted). Thus, Rule 77(d) authorizes a circuit court, upon a showing of "excusable neglect based on a failure of the party to learn of the entry of the judgment or order," to extend the time for appeal "no more than 30 days from the original deadline for filing a notice of appeal." Hopper v.Sims, 777 So.2d 122, 125 (Ala.Civ.App. 2000).
If the trial court were to grant the plaintiffs' Rule 77(d) motion, the 30-day extension period would expire on January 21, 2003.[3] After that date, the trial court had "no jurisdiction to afford the [plaintiffs] any relief under Rule 77(d)." Hopper, 777 So.2d at 125 (citing Corretti v. PeteWilson Roofing Co., 507 So.2d 408, 409 (Ala. 1986), and Irelandv. Piggly Wiggly Alabama Distrib. Co., 719 So.2d 844, 845
(Ala.Civ.App. 1998)).
The trial court did not rule on the plaintiffs' motion before January 21; instead, on January 29, 2003, the trial court purported to grant the plaintiffs' Rule 77(d) motion. However, on January 29, the trial court no longer had jurisdiction to rule on the motion; therefore, the court's order was a nullity. See, e.g., Hopper, 777 So.2d at 125. Because the plaintiffs' Rule 77(d) motion was not timely granted, the last day on which they could file their notice of appeal was not affected, and their appeal was not timely filed. See Schiffman v. City of Irondale,669 So.2d 136, 138 (Ala. 1995) ("The time for filing a notice of appeal is jurisdictional. Rule 4, Ala. R.App. P., states that a notice of appeal must be filed within 42 days of the date of the entry of the judgment . . . appealed from, or within the time allowed by an extension pursuant to Rule 77(d), Ala. R. Civ. P." (Citation omitted.)).
In the alternative, the plaintiffs moved the trial court, pursuant to "Rule 59(e) and/or 60(b)," Ala. R. Civ. P., to change the order dismissing their case from "with prejudice" to "without prejudice." The plaintiffs argued that because the court's order was a dismissal for lack of jurisdiction, it was not an adjudication upon the merits, and the case thus should have been dismissed without prejudice. See Rule 41(b), Ala. R. Civ. P. Therefore, the plaintiffs specifically moved that the trial court "so amend the order pursuant to Rule 60(b) based upon the fact that Plaintiffs learned of the order today," i.e., January 8, 2003.
"The substance of a motion and not its style determines what kind of motion it is." Evans v. Waddell, 689 So.2d 23, 26 (Ala. 1997). Although the plaintiffs requested that the trial court amend the order pursuant to Rule 60(b), the language of the motion demonstrates that it is, in *Page 309 
substance, a motion pursuant to Rule 77(d) to extend the time for filing an appeal. Rule 77(d), Ala. R. Civ. P., "exclusively governs situations in which a party claims lack of notice of the entry of a judgment or order." Hopper, 777 So.2d at 125. Plainly stated, relief under Rule 60(b) "cannot be substituted for the exclusive remedy provided by Rule 77(d) and thereby used as a method to extend the time within which to appeal."Corretti, 507 So.2d at 409 (citations omitted). Moreover, "the lack of notice from the clerk's office is not a ground for relief under Rule 60(b), Ala. R. Civ. P." Ireland, 719 So.2d at 845. Therefore, the trial court could not have granted Rule 60(b) relief predicated solely upon the circuit clerk's failure to notify the plaintiffs of the court's order in this case.Hopper, 777 So.2d at 125. Furthermore, an appeal lies as a matter of right only when the notice of appeal is filed within the time and in the manner prescribed by the Alabama Rules of Appellate Procedure. § 12-22-2, Ala. Code 1975. Thus, the plaintiffs in this case could not be afforded the right to extend their time for appeal based upon a Rule 60(b) motion.
The trial court could not have properly granted the plaintiffs' Rule 60(b) motion on the grounds they asserted. Furthermore, even if we were to treat the motion as a Rule 77(d) motion, the trial court lost jurisdiction to grant that motion 72 days after the original judgment had been entered (42 days for appeal, Rule 4, Ala. R.App. P., plus 30 days under Rule 77(d)). See Corretti,507 So.2d at 409. Therefore, the time the plaintiffs had within which to file a notice of appeal was not affected by this motion.[4]
Finally, the plaintiffs moved the trial court, pursuant to Rule 59(e), Ala. R. Civ. P., to alter or amend its November 8, 2002, order. Although the running of the 42-day period for appeal can be tolled by the timely filing of a postjudgment motion pursuant to Rule 59, the motion "must be filed within 30 days of the date of the entry of the judgment." Schiffman, 669 So.2d at 138. The plaintiffs apparently recognized that their Rule 59 motion was untimely; however, they requested, "since [they] only learned of the order today," i.e., January 8, 2003, that the trial court "exercise its equitable powers to amend the order to provide that the case be dismissed without prejudice." The plaintiffs' Rule 59 motion was not timely filed; therefore, its filing did not affect the last day upon which the plaintiffs could file an appeal.
 Conclusion
Under Rule 2(a)(1), Ala. R.App. P., a timely filed notice of appeal is necessary to invoke the jurisdiction of this Court. Because *Page 310 
the notice of appeal was not timely filed, this appeal is due to be dismissed.
APPEAL DISMISSED.
HOUSTON, SEE, HARWOOD, and STUART, JJ., concur.
[1] There are multiple leases covering the property.
[2] January 19, 2003, was a Sunday. The 30-day extension would have given them until Monday, January 20, 2003, to file their notice of appeal. Monday, January 20, 2003, was a holiday and the courthouses were closed; therefore, the notice of appeal would have had to have been filed on January 21, 2003. See Rule 26, Ala. R.App. P., and Rule 6, Ala. R. Civ. P.
[3] See note 2.
[4] Additionally, in their reply brief to this Court, the plaintiffs argue that the trial court's November 8, 2002, order was "void as a matter of law," because the order dismissed the claims with prejudice based on a lack of personal jurisdiction and "was therefore not subject to appeal until it was amended and corrected by the trial court's order dated January 29, 2003." Thus, the plaintiffs argue that their appeal was timely filed because it was filed within 42 days of the trial court's January 29 order, which they assert granted their Rule 60(b) request for relief and amended the trial court's order so as to dismiss the claims "without prejudice." However, while the trial court may have erred in dismissing the plaintiffs' claims with prejudice, the trial court's order doing so was not void. See, e.g.,Worthington v. Amerson, 741 So.2d 437, 439-40 (Ala.Civ.App. 1999). See generally Posner v. Essex Ins. Co., Ltd.,178 F.3d 1209, 1221 (11th Cir. 1999); Guidry v. United States TobaccoCo., 188 F.3d 619, 623 n. 2 (5th Cir. 1999); Ex parte CapstoneDev. Corp., 779 So.2d 1216, 1218-19 (Ala. 2000); and Ex parteHamilton Riggs Agency, Inc., 495 So.2d 658, 659 (Ala. 1986).