THOMAS, Judge.
 

 On November 15, 2006, Ursula Carson Gullett (“the wife”) sued Reginald Gullett (“the husband”) for a divorce, alleging incompatibility of temperament and, in the alternative, irreconcilable differences and an irretrievable breakdown of their marriage. On May 17, 2007, the trial court conducted a trial, heard disputed oral testimony, and admitted into evidence several exhibits.
 

 On May 18, 2007, the trial court entered a judgment divorcing the parties and allocating the parties’ assets and debts. That judgment provided, in pertinent part:
 

 “1. THAT the divorce is granted to the [wife],
 

 “2. THAT the homeplace ... is awarded to the [wife] ....
 

 “3. THAT the wife shall be responsible for the remaining indebtedness due to City Finance Company.
 

 “4. THAT the [husband] is awarded any monies he received as a result of the settlement of an automobile accident lawsuit.
 

 “5. THAT the [husband] is awarded his clothing and other personal items, and he shall have thirty (80) days to make arrangements for those items to be turned over to him.
 

 “6. THAT the [wife] shall be awarded the Toyota Corolla automobile.”
 

 (Capitalization in original.)
 

 On July 17, 2007, the husband filed a motion styled as a motion pursuant to Rule 60(b), Ala. R. Civ. P., seeking relief from the trial court’s May 18, 2007, judgment. That motion alleged that the husband’s attorney had not received notice from the trial court clerk of the May 18, 2007, judgment.
 

 On August 20, 2007, the trial court purported to amend its May 18, 2007, judgment, stating:
 

 “1. THAT the [husband’s] instanter motion for relief from judgment is hereby granted in part.
 

 “2. THAT the [husband] shall be awarded the pool table and large TV. The remaining provisions of the divorce are reaffirmed.”
 

 (Capitalization in original.) The husband filed his notice of appeal on September 26, 2007.
 

 Although neither party to this appeal has raised the issue of this court’s appellate jurisdiction, we must consider whether we have jurisdiction over this appeal, because “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero motu.’
 
 ”
 
 Wallace v. Tee Jays Mfg. Co.,
 
 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting
 
 Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987)).
 

 The trial court entered its divorce judgment on May 18, 2007. The parties had 42 days, until June 29, 2007, to appeal from that final judgment.
 
 See
 
 Rule 4(a)(1), Ala. R.App. P. On July 17, 2007, 60 days after the entry of the divorce judgment, the husband filed a motion styled as a motion pursuant to Rule 60(b), Ala. R. Civ. P., alleging that he had not received notice of the trial court’s divorce judgment, noting that the 30-day period for filing a post-judgment motion pursuant to Rule 59, Ala. R. Civ. P., had expired, but, nonetheless, challenging the property division in the divorce judgment. This court has stated:
 

 “ ‘[T]he lack of notice from the clerk’s office is not a ground for relief under Rule 60(b), Ala. R. Civ. P.; Rule 77(d), Ala. R. Civ. P., exclusively governs actions in which a litigant claims that the clerk’s office failed to [timely] notify [her] of the trial court’s entry of judgment.’
 
 Ireland v. Piggly Wiggly Ala
 
 
 *1213
 

 bama Distributing Co.,
 
 719 So.2d 844, 845 (Ala.Civ.App.1998).
 

 “Rule 77(d), Ala. R. Civ. P., provides in part:
 

 “‘Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to reheve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions.’
 

 “It is well settled that Rule 60(b), Ala. R. Civ. P., may not be substituted for the exclusive remedy provided by Rule 77(d) for a litigant who claims a lack of notice from the clerk’s office; it is equally well settled that Rule 60(b) may not be used to extend the time within which a party may appeal.
 
 Lindstrom v. Jones,
 
 603 So.2d 960 (Ala.1992);
 
 Corretti v. Pete Wilson Roofing Co.,
 
 507 So.2d 408 (Ala.1986);
 
 Moser v. Crayton,
 
 726 So.2d 696 (Ala.Civ.App.1998);
 
 Ireland v. Piggly Wiggly Alabama Distributing Co.,
 
 supra.”
 

 Gallo v. Gallo,
 
 741 So.2d 1093, 1095 (Ala.Civ.App.1999).
 

 Even if this Court treated the husband’s motion as a motion pursuant to Rule 77(d), Ala. R. Civ. P., the trial court lost jurisdiction to rule upon that motion on July 31, 2007, 73 days after the entry of its May 18, 2007, judgment.
 
 [1]
 

 Rodriguez v. Rodriguez,
 
 954 So.2d 600, 604 (Ala.Civ.App.2006) (stating that a trial court loses jurisdiction to grant a Rule 77(d) motion after 72 days, i.e., “the 42 days permitted under Rule 4, Ala. R.App. P., plus the 30 days specified in Rule 77(d)”). The husband did not file his notice of appeal until September 26, 2007. Moreover, we note that the trial court’s August 20, 2007, amended judgment purporting to grant relief under Rule 60(b) is a nullity because Rule 77, Ala. R. Civ. P., “exclusively governs situations in which a party claims lack of notice of the entry of a judgment or order.”
 
 Hopper v. Sims, 777
 
 So.2d 122, 125 (Ala.Civ.App.2000).
 

 The husband’s notice of appeal was filed more than 42 days after the trial court had entered its judgment of divorce. Further, although the trial court did not extend the period for filing a notice of appeal, the husband’s notice of appeal was filed after the 30-day extended period for filing a notice of appeal that may be granted by a trial court pursuant to Rule 77(d), Ala. R. Civ. P. Rule 2(a)(1), Ala. R.App. P., provides that “[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Because the husband’s notice of appeal was not timely filed, we must dismiss the appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . The 72d day following May 18, 2007, was July 29, 2007. July 29, 2007, was a Sunday; therefore, the notice of appeal would have had to have been filed by July 30, 2007.
 
 See
 
 Rule 26, Ala. R.App. P., and Rule 6, Ala. R. Civ. P.