THOMPSON, Presiding Judge.
Dudley McGuire II appeals from a summary judgment entered by the Shelby Circuit Court in favor of William White. For the reasons stated herein, we dismiss the appeal.
On August 10, 2009, White filed an action against McGuire in which he alleged that McGuire had negotiated a worthless check to him in the amount of $11,656. He asserted a claim against McGuire pursuant to § 6-5-285, Ala.Code 1975, which provides the holder of a worthless check a cause of action against the maker of the check. McGuire filed an answer in which, among other things, he denied the allegations of the complaint.
On October 22, 2009, White filed a motion for a summary judgment as to his claim against McGuire. McGuire filed a response and a supplemental response to *993 that motion and moved to strike certain documents that White had attached to his summary-judgment motion. On May 10, 2010, the trial court denied White’s summary-judgment motion.
White filed a motion to reconsider the trial court’s May 10, 2010, order denying his summary-judgment motion. The trial court held a hearing on that motion, after which, on June 29, 2010, it granted White’s motion and entered a summary judgment in his favor in the amount of $11,666[1] plus an attorney’s fee of approximately $4,000.
On November 4, 2010, McGuire filed a motion to set aside the summary judgment pursuant to Rule 60(b), Ala. R. Civ. P. In his motion, he stated that neither his counsel nor he had received notice of the hearing on White’s motion to reconsider the order of May 10, 2010, and that his counsel had not been notified of the entry of the summary judgment. He stated that the court’s file apparently contained no indication that the case had been disposed of because, when his counsel appeared at court on September 24, 2010, for a previously set pretrial conference, the trial court advised him that he would be notified when the court was ready to hold a trial of the action. McGuire stated that his counsel and he first learned of the summary judgment on October 29, 2010, when his bank account was garnished. McGuire supported his motion with affidavits from his attorneys.
On December 2, 2010, the trial court purported to grant McGuire’s motion and to set aside the summary judgment. On December 13, 2010, the trial court purported to reenter a summary judgment in favor of White. On January 24, 2011, McGuire filed a notice of appeal to this court.
In his appellate brief, White argues that this court lacks jurisdiction over this appeal because the appeal is untimely. We agree with White.
Corretti v. Pete Wilson Roofing Co., 507 So.2d 408 (Ala.1986), involved procedural facts that are virtually indistinguishable from those involved in the present case. In Corretti the trial court entered a summary judgment in favor of the defendants. Twenty months later, the plaintiff filed a motion to set aside that judgment pursuant to Rule 60(b), Ala. R. Civ. P., asserting a lack of notice of the entry of the summary judgment. The trial court purported to grant that motion and to set aside the summary judgment “‘due to the court’s concern that notice of this ruling was not communicated to counsel for the plaintiff....’” Corretti, 507 So.2d at 409 (quoting trial court’s order). The trial court then reentered the summary judgment in favor of the defendants. The plaintiff appealed. Our supreme court, considering its jurisdiction over the appeal ex mero motu, wrote:
“Rule 77(d), Ala. R. Civ. P., provides in pertinent part:
“ ‘Lack of notice of the entry [of an order or judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time now provided for appeals in civil actions.’
*994 “Rule 60(b), Ala. R. Civ. P., cannot be substituted for the exclusive remedy-provided by Rule 77(d) and thereby used as a method to extend the time within which to appeal. Cockrell v. World’s Finest Chocolate Co., 349 So.2d 1117, 1119 (Ala.1977); see Hayden v. Hams, 437 So.2d 1283,1287 (Ala.1983).
“Rule 77(d), Ala. R. Civ. P., controls this case and prevents the lack of notice of the entry of an appealable order or judgment from being a ground for a Rule 60(b) motion.... This Court looks to substance and not form in determining the nature of a motion, see Ex parte Lang, 500 So.2d 3 (Ala.1986); even so, treating his Rule 60(b) motion as a motion for relief under Rule 77(d) would not help Corretti, because the trial court has no jurisdiction of a Rule 77(d) motion filed more than 72 days (i.e., 42 days for appeal, Rule 4, Ala. R.App. P., plus 30 days under Rule 77(d), as extended by Rule 6(a), Ala. R. Civ. P., when the final day is a Saturday, Sunday, or ‘legal holiday’) after the entry of an appealable order or judgment. Certainly, it has no jurisdiction of the motion in this case, which was filed 617 days after such a judgment.”

Id.

In the present case, the sole basis of McGuire’s Rule 60(b) motion to set aside the summary judgment was a lack of notice of the entry of that judgment. Thus, his motion was controlled by Rule 77(d), Ala. R. Civ. P, not Rule 60(b). Id. See also Altmayer v. Stremmel, 891 So.2d 305, 309 (Ala.2004) (“ ‘[T]he lack of notice from the clerk’s office is not a ground for relief under Rule 60(b), Ala. R. Civ. P.’ Ireland, [v. Piggly Wiggly Alabama Distrib. Co.,] 719 So.2d [844,] 845 [ (Ala.Civ.App.1998) ]. Therefore, the trial court could not have granted Rule 60(b) relief predicated solely upon the circuit clerk’s failure to notify the plaintiffs of the court’s order in this case.”). The trial court’s jurisdiction over any such motion expired 72 days after the entry of the June 29, 2010, summary judgment. Corretti, 507 So.2d at 409. McGuire did not file his motion until more than four months after the entry of the summary judgment. Thus, the trial court was without jurisdiction when, on December 2, 2010, it purported to grant McGuire’s motion and to set aside the summary judgment, and it was without jurisdiction when, on December 13, 2010, it purported to reenter the summary judgment.
Because the trial court lacked jurisdiction to grant McGuire’s motion to set aside the summary judgment, and because McGuire did not file his appeal within 42 days of the entry of the summary judgment, we conclude that appellate jurisdiction is lacking in this case. As a result, the appeal is due to be, and is hereby, dismissed.
APPEAL DISMISSED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. The additional $10 the trial court awarded in excess of the amount of the check appears to have been for a "charge-back” fee White asserts his bank assessed after he deposited the check.