Charles Randall Stewart was convicted on six counts of capital murder, all based on the death of his ex-wife Betty Sue Lang. Four of these counts had been elevated to capital murder because the murder was committed during the course of a burglary, and the other two counts had been made capital because the murder was also committed during the course of a kidnapping. The trial court accepted the jury's recommendation and sentenced Stewart to death. On appeal, the Court of Criminal Appeals reversed Stewart's convictions and sentence and remanded the cause so that the trial court could vacate three of the capital-murder counts based on the burglary and one count based on the kidnapping. Stewart v. State,601 So.2d 491 (Ala.Crim.App. 1992). On remand, the trial court vacated those four counts of capital murder, accordingly. On return to remand, the Court of Criminal Appeals affirmed Stewart's convictions and sentence. Stewart v. State, 659 So.2d 120
(Ala.Crim.App. 1992). This Court subsequently affirmed the convictions, but reversed the sentence because of an improper jury instruction. Ex parte Stewart, 659 So.2d 122 (Ala. 1993). The trial court held a second sentencing hearing, which again resulted in a death sentence for Stewart. The Court of Criminal Appeals, on March 22, 1996, reversed this second sentence because the trial court had failed to properly instruct the jury on the means of weighing the aggravating and mitigating circumstances, and it remanded for a third sentencing hearing. Stewart v. State, [Ms. CR-90-0415, March 22, 1996] 730 So.2d 1203 (Ala.Crim.App. 1996).
On September 10, 1996, on remand for the third sentencing hearing, the jury unanimously recommended that Stewart receive the death penalty. The trial judge accepted the jury's recommendation and sentenced Stewart to death. The Court of Criminal Appeals affirmed this sentence. Stewart v. State, [Ms. CR-90-0415, September 26, 1997] 730 So.2d 1203, at 1212 (Ala.Crim.App. 1997). We granted certiorari review pursuant to Rule 39(c), Ala.R.App.P. Because this Court has previously affirmed Stewart's convictions, we now review only the sentence.
In his petition for the writ of certiorari, Stewart raised 21 issues for review. All of those issues were fully discussed by the Court of Criminal Appeals in its September 26, 1997, opinion affirming Stewart's sentence. We will discuss only one of those issues. *Page 1248 
Stewart argues that the trial court erred during the third sentencing hearing by allowing the jury to separate over his objection, in violation of Rule 19.3(a), Ala.R.Crim.P., as that rule read at the time of the third sentencing hearing. The separation or sequestration of jurors is a procedural matter governed by the Alabama Rules of Criminal Procedure, promulgated by this Court. At the time of Stewart's third sentencing hearing, Rule 19.3 read:
"(a) Separation of Jurors in Capital Trials.
 "(1) In any prosecution for a capital felony, upon the consent in open court of the defendant, defendant's counsel, and the district attorney, the trial court, in its discretion, may permit the jury trying the case to separate during the pendency of the trial, whether the jury has retired or not.
 "(2) A separation of the jury so permitted under Rule 19.3(a) shall create a prima facie presumption that the accused was not prejudiced by reason of the separation.
 "(3) All discussions among the parties and the trial court concerning whether there will be a separation shall take place outside the hearing of the jury, and the jury shall not be informed which party, if any, requested or objected to sequestration or separation."
Under that rule (which has since been amended, effective December 1, 1997), the trial court was not authorized to allow the jury to separate, unless the prosecution and the defense agreed to a separation. The trial court's allowing the jury to separate without the consent of the defense clearly violated this rule.
However, the Court of Criminal Appeals held that, despite this violation of Rule 19.3(a), the trial court did not err, because of the terms of § 12-16-9, Ala. Code 1975, as amended effective June 15, 1995. Section 12-16-9, as amended, provides:
 "In the prosecution of any felony case the trial court in its discretion may permit the jury hearing the case to separate during the pendency of the trial. The court may at any time on its own initiative or on motion of any party, require that the jury be sequestered under the charge of a proper officer whenever they leave the jury box or the court may allow them to separate. A motion to separate or sequester shall not be made within the hearing of the jury, and the jury shall not be informed which party, if any, requested separation or sequestration."
Before the June 15, 1995, amendment, § 12-16-9 had read as follows:
 "(a) If the accused and his counsel and also the prosecuting attorney, in any prosecution for a capital felony consent thereto in open court, the trial court in its discretion may permit the jury trying the case to separate during the pendency of the trial, whether the jury has retired or not. A separation so permitted shall not create a presumption of prejudice to that accused, but on the contrary it shall be prima facie presumed that the accused was not prejudiced by reason of the separation of the jury.
 "(b) It shall be improper for the trial court to ask the accused, counsel for the accused or the prosecuting attorney, in the hearing of the jury, whether he or they will consent to a separation of the jury pending the trial.
 "(c) It shall be improper for the accused, counsel for the accused or the prosecuting attorney to state to the trial court in the hearing of the jury that he or they consent to a separation of the jury pending the trial.
 "(d) In the prosecution of any noncapital felony the trial court in its discretion may permit the jury trying the case to separate during the pendency of the trial . . . ."
Thus, the June 15, 1995, amendment to this statute eliminated the need for an agreement to separate the jury in capital cases, by vesting in the trial court the discretion to make the separation decision in such cases. Yet, after June 15, 1995, Rule 19.3 continued to require the consent of all parties before the judge could allow the jury to separate in a capital case. Thus, given a procedural rule that appears to have been applicable and a conflicting statute, we must determine which *Page 1249 
governed the question of jury separation at the time of the third sentencing hearing.
We conclude that the Court of Criminal Appeals correctly held that the amended § 12-16-9 controlled the separation issue. Generally, the Alabama Rules of Criminal Procedure govern procedural matters, such as separation of jurors. Indeed, §12-1-1, Ala. Code 1975, requires that the Alabama Rules of Criminal Procedure take precedence over statutory provisions covering the same subject matter:
 "Any provisions of this title regulating procedure [i.e., Title 12, Ala. Code 1975] shall apply only if the procedure is not governed by the Alabama Rules of Civil Procedure, the Alabama Rules of Appellate Procedure or any other rule of practice and procedure as may be adopted by the Supreme Court of Alabama."
At the time of the third sentencing hearing, § 12-1-1 read as it does now.
The 1975 Code became effective on October 31, 1977, pursuant to a proclamation of the Governor of October 1, 1977, based on Act No. 20 (1977 Regular Session). Section 12-1-1, a part of Act No. 20, prevented the adoption of the Code from constituting the exercise of the Legislature's authority to change court rules by an act of statewide application, an authority granted by § 6.11, Amendment 328 of the Alabama Constitution of 1901, ratified almost four years earlier. Hence, under § 12-1-1, the enactment of any section of Title 12 of the new Code that might deal with subject matter also then covered by a rule could not be taken as overriding the rule; the Legislature affirmatively indicated by the wording of § 12-1-1 that it had no intent to override the then existing rules merely by providing for adoption of the 1975 Code.
However, § 12-1-1 is also phrased so as to allow a prospective field of operation in that it refers not only to rules existing when the 1975 Code was adopted, but also to "any other rule of practice and procedure as may be adopted by the Supreme Court of Alabama." Prospective application of § 12-1-1, to the extent it would never allow a statute enacted after that section's effective date to override a rule of court, would forfeit the authority conferred by the people on the Legislature in § 6.11. Such an application would, therefore, unconstitutionally defeat the mandate of § 6.11 that the Legislature, and not the Court, has the last word on matters of procedure so long as the change is wrought by a general act of statewide application.
Section 6.11 of Amendment 328 to the Constitution of Alabama provides:
 "The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein; and provided, further, that the right of trial by jury as at common law and declared by section 11 of the Constitution of Alabama 1901 shall be preserved to the parties inviolate. These rules may be changed by a general act of statewide application."
As the Court of Criminal Appeals stated in its opinion of September 26, 1997, the act revising § 12-16-9 (Act No. 95-190, § 1, Ala. Acts 1995) was a general act of statewide application, and it amended Rule 19.3 to allow the separation of jurors in capital cases, even over the objections of the defense.
The Legislature did not explicitly repeal Rule 19.3 when it amended § 12-16-9. Yet, the provisions of the rule (as it read before the December 1, 1997, amendment) and the amended § 12-16-9
directly conflict and cannot be reconciled. In such a situation, we must determine whether the Legislature intended to repeal the earlier law, i.e., the rule, by implication. Fletcher v. Tuscaloosa Federal Savings Loan Ass'n, 294 Ala. 173,314 So.2d 51 (1975). The Court of Criminal Appeals correctly reasoned in its September 26, 1997, opinion:
 "[The pre-December 1, 1997, version of] Rule 19.3 . . . cover[ed] the separation procedure for both capital and noncapital felony cases. We presume that, when enacting a statute, the legislature has full knowledge of and information about prior *Page 1250 
and existing law and legislation regarding a particular subject matter. State v. Thomas, 611 So.2d 472
(Ala.Cr.App. 1992); Ex parte Love, 513 So.2d 24
(Ala. 1987); Roberts v. State, 482 So.2d 1293 (Ala.Cr.App. 1985). Therefore, we may presume that the legislature was aware of the provisions of Rule 19.3 when it [amended] § 12-16-9. We also presume that the legislature does not enact meaningless, vain, or futile statutes. Langham v. State, 662 So.2d 1201
(Ala.Cr.App. 1994); Sturgeon v. City of Vestavia Hills, 599 So.2d 92 (Ala.Cr.App. 1992); Powers v. State, 591 So.2d 587 (Ala.Cr.App. 1991). Because the provisions of the former § 12-16-9 are substantially similar to [the provisions of the pre-December 1, 1997, version of] Rule 19.3, the legislature must have intended to change the existing law and depart from [it]. Sheffield v. State, 708 So.2d 899 (Ala.Cr.App. 1997)."
730 So.2d at 1216.
Certainly, repeal by implication is not favored, and an express repeal by the Legislature is preferable. Benson v. City of Birmingham, 659 So.2d 82 (Ala. 1995). Yet, repeal by implication is an accepted legislative tool that this Court must acknowledge. Where two provisions directly conflict, this Court may presume that the Legislature intended to repeal the earlier provision by adopting the later one. The version of Rule 19.3 in effect at the time of Stewart's third sentencing hearing became effective on January 1, 1991. The amended version of § 12-16-9 became effective on June 15, 1995. The irreconcilable language of that later provision compels us to conclude, as the Court of Criminals Appeals did, that the Legislature intended to change the effect of Rule 19.3 insofar as it conflicted with § 12-16-9. When the Legislature, through a general act, changes the procedural rules promulgated by this Court, we are bound by the Constitution and the laws of this state to give effect to the Legislature's changes. Therefore, we conclude that the Court of Criminal Appeals correctly held that § 12-16-9 overrode the conflicting portions of Rule 19.3.
This Court's cases provide a historical look at the legislative role in making rules of procedure for the courts.[1]
This Court held in Ex parte Foshee, 246 Ala. 604, 606,21 So.2d 827, 828 (1945), that "[i]t has been the recognized doctrine in this State that a legislative enactment takes precedence over a rule of the Court." 246 Ala. at 606, 21 So.2d 827, 828. In Foshee, the Court stated that "[t]o make a rule for an inferior court this Court must have authority conferred either by the Constitution or by statute." 246 Ala. at 606, 21 So.2d at 827. This Court later reemphasized the fact that a legislative enactment takes precedence over a rule of court and that the Constitution of Alabama conferred on the Legislature the power to prescribe rules of practice and procedure in state courts. Ex parte Huguley Water System, 282 Ala. 633, 639, 213 So.2d 799, 805 (1968).
We would finally note that Stewart argues that the interpretation we adopt today nullifies § 12-1-1 by allowing a statute to trump a rule of procedure. However, we have nullified on constitutional grounds only that portion of § 12-1-1 that would operate prospectively to deny the Legislature the right conferred on it by § 6.11 to repeal a rule of procedure by an act of statewide application. Section 12-1-1 has a meaningful field of operation only in that it saves those rules that were in effect on October 31, 1997, from being changed by the adoption of the 1975 Code on that same date. It also serves as a beacon to aid this Court in construing future statutes added to Title 12 that may arguably displace a rule of procedure. We construe § 12-1-1 to require that we should, as we have done here, find that a statute supersedes a rule only in instances where the conflict between the two is clear. See Amendment 328, § 6.11 (placing on this Court the primary responsibility to make *Page 1251 
procedural rules and investing in the Legislature the prerogative to change those rules); McDonald v. State, 32 Ala. App. 606,609, 28 So.2d 805, 807 (1947) ("A legislature will not be presumed to use language without any meaning or application. . . ."). It was not error for the trial court to allow the jury to separate over Stewart's objection, because the question whether to permit the jurors to separate was placed exclusively in the trial court's discretion by the 1995 amendment to § 12-16-9.
We have evaluated each of the other alleged errors Stewart complains of, and we conclude that the Court of Criminal Appeals correctly held that no error, plain or otherwise, occurred in Stewart's third sentencing hearing that would warrant a reversal of his sentence.
We affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
Maddox, Shores, Houston, Kennedy, Cook, See, and Lyons, JJ., concur.
[1] Amendment 328, § 6.11, to the Alabama Constitution of 1901, gave this Court rulemaking authority. Amendment 328 was ratified in 1973. Pre-1973 cases dealing with the Legislature's authority merely provide historical background. The point of this Court's opinion in this case is to examine the language of § 6.11 reserving a role for the Legislature in rulemaking: "These rules may be changed by a general act of statewide application." Amendment 328, § 6.11, Alabama Constitution, 1901.