MADDOX, Justice.
The Court of Criminal Appeals, on August 20,1999, affirmed the defendant Shelby Tyrone Hambrick Green’s conviction, with an unpublished memorandum. Green v. State, (No. CR-98-1190), — So.2d-(Ala.1999)(table). We granted certiorari review to address this issue raised by the defendant:
‘Whether the legislature’s attempt to supersede Rule 2.2(e), Ala. R.Crim. P., through Amendment No. 598 of the Constitution of Alabama and [Ala. Code 1975] § 15-15-20.1 forecloses the peti *536 tioner’s reliance on Alabama Code § 15-15-22 which has not been specifically superseded or repealed.”
The defendant argues that the provisions of § 15-15-22, Ala.Code 1975, still apply and that they require a reversal of his conviction because, he argues, the trial court lacked jurisdiction to accept his guilty plea, in that the trial court did not strictly comply with the three-day waiting requirement set out in § 15-15-22.
We reject this argument. The people of Alabama, in approving Amendment 598 of the Constitution, and the Legislature, by adopting, in 1996, Act No. 96-531, Ala. Acts 1996, which is codified as § 15-15-20.1, Ala.Code 1975,[2] intended to repeal the three-day waiting requirement set forth in § 15-15-22, Ala.Code 1975,[3] and also, by adopting § 15 — 15—20.1(h), intended to supersede the provisions of Rule 2.2(e), Ala. R.Crim. P. Cf. Ex parte Stewart, 730 So.2d 1246, 1250 (Ala.1999)(holding that the Legislature implicitly repealed the provisions of Rule 19.3, Ala. R.Crim. P., relating to jury sequestration). In affirming the Court of Criminal Appeals’ judgment in Stewart, this Court held that the Legislature intended to change the effect of Rule 19.3 insofar as it conflicted with § 12-16-9, as amended, and we conclude that the principles of law set out in Stewart are applicable to our resolution of the issue in this case. We, therefore, affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
HOOPER, C.J., and COOK, LYONS, and JOHNSTONE, JJ., concur.

. Section 15-15-20.1 became effective on December 5, 1996. That statute, in pertinent part, removed the three-day waiting requirement. Particularly, § 15-15-20.1(c) reads:
"Upon the filing of an information, the court shall ascertain whether the defendant has retained counsel, and, shall appoint counsel if the defendant is indigent. The court shall set an arraignment date to enable the defendant to formally enter a plea of guilty in open court. Arraignment may be held and the guilty plea entered at any time after the filing of an information.”
(Emphasis added.) As the Court of Criminal Appeals pointed out in its unpublished memorandum, subsection (h) of § 15-15-20.1 explicitly states that that section "supersedes Rule 2.2(e) of the Alabama Rules of Criminal Procedure.”

. Section 15-15-22, reads as follows:
"When an information has been filed as provided in Section 15-15-21 and counsel employed or appointed, the court shall, by order entered upon the minutes of the court, fix a date for the defendant to formally make and enter his plea of guilty in open court, which date shall not be within 15 days after the arrest of the defendant nor within three days after notice to the court of his intention to plead guilty, and notice of such date shall be served by the sheriff upon the defendant and upon his counsel.”
(Emphasis added.)