HARWOOD, Justice
(dissenting).
I respectfully dissent from the quashing of this writ. First, although I believe that the denial of the petition as proeedurally insufficient would be correct for the reasons I will explain in this dissent, I believe that an opinion by this Court discussing those reasons would have been appropriate under this Court’s rule-making authority. Second, I believe that an opinion by this Court would also have been appropriate to address the denial of the underlying petition for a writ of mandamus by the Court of Criminal Appeals, because I believe that the Court of Criminal Appeals did not have jurisdiction to consider that petition.
USNewsLink is a business that supplies news information to various news organizations. During the trial of State of Alabama v. Thomas E. Blanton, Jr. (CC-2000-2216, -2218, -2219, -2220),[1] on April 27, 2001, Judith Haney, the owner of US-NewsLink, sought to obtain transcripts of tape recordings that had been presented to the jury as evidence. The trial court denied Haney’s request. USNewsLink petitioned the Court of Criminal Appeals for a writ of mandamus ordering the trial court to provide USNewsLink with a copy of the transcripts.
On May 2, 2001, the Court of Criminal Appeals issued an order that stated, in pertinent part:
“Upon consideration of the above referenced Petition for Writ of Mandamus and Prohibition, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby denied on the merits.”
Judge Shaw dissented from the order, and Judge Cobb concurred in that dissent, stating that the Court of Criminal Appeals did not have jurisdiction to consider the case in light of Ex parte Smith, 794 So.2d 1089 (Ala.2001).
USNewsLink then petitioned this Court for a writ of certiorari to review the decision of the Court of Criminal Appeals denying its petition for a writ of mandamus. It argued that the decision of the Court of Criminal Appeals violates its First Amendment rights to freedom of the press, applied to the states by operation of the Fourteenth Amendment as set out in Press-Enterprise Co. v. Superior Court of California for the County of Riverside, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986), and Duncan v. Louisiana 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). This Court granted the petition to address two issues: (1) whether USNewsLink properly complied with Rule 21(e) and Rule 39(c)(1)(B), Ala.R.App.P., in order to warrant this Court’s review of its petition, and (2) whether the Court of Criminal Appeals had jurisdiction to address the merits of USNewsLink’s petition for a writ of mandamus. With respect to the first issue, I believe* that it was appropriate to grant *988 this petition pursuant to the Court’s constitutional rule-making authority as described in Ala. Const.1901, Amend. No. 328, § 6.11. See generally Ex parte Stewart, 730 So.2d 1246 (Ala.1999); Ex parte Ward, 540 So.2d 1350 (Ala.1988); and Hagood v. State, 588 So.2d 526 (Ala.Crim.App.1991). Once the Court granted the petition, I believe that the Court should have addressed the second issue because “[JJurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).

I. Procedural Sufficiency of the Petition

USNewsLink filed its petition for a writ of certiorari to this Court without filing an application for a rehearing to the Court of Criminal Appeals pursuant to Rule 39(c)(1)(B), Ala.R.App.P. USNewsLink specifically designated its petition as a petition for a writ of certiorari seeking a review of the decision by the Court of Criminal Appeals denying its petition for a writ of mandamus. Rule 21(e), Ala.R.App. P., provides for review by this Court of decisions of the courts of appeals concerning extraordinary writs. In pertinent part, Rule 21(e), Ala.R.App.P., provides:
“(e) Review in Supreme Court of Decisions of Courts of Appeals.
“(1) A decision of a court of appeals on an original petition for writ of mandamus or prohibition or other extraordinary unit (ie., a decision on a petition filed in the court of appeals) may be reviewed de novo in the supreme court, and an application for rehearing in the court of appeals is not a prerequisite for such review. If an original petition for extraordinary relief has been denied by the court of appeals, review may be had by filing a similar petition in the supreme court (and, in such a case, in the supreme court the petition shall seek a writ directed to the trial judge). If an original petition has been granted by the court of appeals, review may be had by filing in the supreme court a petition for writ of mandamus or prohibition or other extraordinary writ directed to the court of appeals, together with a copy of the proceedings in the court of appeals, including the order granting the writ.
“(2) Such review in the supreme court of a grant or denial must be commenced by filing the petition in the supreme court within fourteen (14) days of the grant or denial of the writ by the court of appeals. Procedures on such review shall conform to the provisions of subdivisions (a), (b), and (c) of this rule where those subdivisions are applicable.
“(3) Without regard to whether the court of appeals has issued an opinion, rehearing may be sought in the court of appeals, but if a rehearing is sought, then review in the supreme court shall be by petition for writ of certiorari pursuant to Rule 39; provided, however, that a party that has begun the Rule 89 process by filing an application for rehearing can withdraw that application and seek review by the supreme court under this rule instead of under Rule 39, if the withdrawal of the rehearing application is made within the fourteen (14) days allowed by subsection (e)(2) for seeking supreme court review and before the court of appeals has ruled on the application, and provided further, that a petition allowed by (e)(1) is filed in the supreme court within that time.”
(Emphasis added.)
Thus, Rule 21(e), Ala.R.App.P., permits Supreme Court review of an action by the Court of Criminal Appeals on an extraordinary writ under either of two routes: (1) filing a “similar petition” in this Court or (2) filing an application for a rehearing and *989 then seeking review by certiorari. Rule 21(e) therefore anticipates that an application for a rehearing will be a prerequisite to certiorari review of the action by the Court of Criminal Appeals. Before the .August 1, 2000, amendment to Rule 39, this Court required an application for a rehearing as a prerequisite to certiorari review of an action by the Court of Criminal Appeals. Before that amendment, Rule 39(l) stated, in pertinent part:
“A party aggrieved by a decision of a court of appeals on a petition for writ of mandamus or prohibition or other extraordinary writ is entitled to review in the supreme court as provided in Rule 21(e).”
After the amendment, this language was moved to Rule 39(m).
However, Rule 39(c)(1)(B), Ala.R.App.P., as amended effective August 1, 2000, now provides:
“(c) Review by Petition for Writ of Certiorari of Decisions of the Court of Criminal Appeals.
“(1) Application for Rehearing Prerequisite to Certiorari Review. The filing of an application for rehearing in the Court of Criminal Appeals is a prerequisite to review by -certiorari in the Supreme Court, except:
[[Image here]]
“(B) In the case of review of a decision by the Court of Criminal Appeals on an original petition for a writ of mandamus pursuant to Rule 21(e) of these Rules.”
(Emphasis added.)
A reading of the above language without close attention to the reference to Rule 21(e) might imply that an application for rehearing was not a prerequisite to certio-rari review by this Court of a decision by the Court of Criminal Appeals on an original petition for a writ of mandamus.[2] However, I write to emphasize that Rule 39(c)(1)(B), as amended, with its reference to review of extraordinary writs pursuant to Rule 21(e), does not change the requirement that an application for rehearing be filed as a prerequisite to certiorari review of a decision by the Court of Criminal Appeals.[3]
Thus, I believe that the only options available for .Supreme Court review of extraordinary writs presented to the Court of Criminal Appeals are the two options set out in Rule 21(e). Therefore, the correct reading of Rule 39(c)(1)(B) is that an application for rehearing is not required whenever the first option available under Rule 21(e) — filing a similar writ — is used. *990 The second option available under Rule 21(e) — review by writ of certiorari — still requires the filing of an application for rehearing as a prerequisite because such an application for rehearing is required by Rule 21(e)(8). Although the Court will likely deny, without comment, other petitions for a writ of certiorari presented to this Court in the same posture as the petition filed by USNewsLink in this ease, I believe that this rationale will be the basis for such denials. A petition to this Court for a writ of certiorari from a decision by the Court of Criminal Appeals on an extraordinary writ where the petitioner has not properly sought a rehearing before the Court of Criminal Appeals is procedurally insufficient for review.

II. Jurisdiction by the Court of Criminal Appeals

I also agree with the point made by Judge Shaw in his dissent (joined by Judge Cobb) to the denial of the petition for a writ of mandamus to the Court of Criminal Appeals that underlies this petition to this Court. That is, I believe that this Court’s decision in Ex parte Smith, supra, indicates that the Court of Criminal Appeals did not have jurisdiction to address the petition for the writ of mandamus in question.
In Smith, an indigent defendant in a capital-murder ease sought copies of various discovery materials. The trial court ordered the police department to produce the materials without requiring a payment of the associated costs by the defendant. The State petitioned the Court of Criminal Appeals for a writ of mandamus ordering the trial court to vacate its order and to require the defendant to pay the costs of obtaining the discovery materials. The Court of Criminal Appeals granted the State’s petition, and the defendant, proceeding properly under Rule 21(e), petitioned this Court for a writ of mandamus to the Court of Criminal Appeals commanding it to vacate its order to the trial court.
This Court determined that the Court of Criminal Appeals did not have jurisdiction to hear the State’s petition for a writ of mandamus, explaining its conclusion in the following discussion:
“We begin our analysis by considering this Court’s holding in Ex parte Galanos, 796 So.2d 390 (Ala.2000) (issuing a writ directing the Court of Criminal Appeals to vacate its order issued in Ex parte Bush, 796 So.2d 383 (Ala.Crim.App.1998)). Peter Austin Bush was a Mobile attorney who accepted appointments to defend indigent criminal defendants before the Mobile Circuit Court. After he completed his work for his clients in 11 cases in the circuit court, Bush submitted a bill for his services, in the form of ‘attorney-fee declarations,’ to the Mobile Circuit Court. He expected the circuit court to approve his fee requests and then send them on to Montgomery for payment by the State comptroller, in accordance with Ala.Code 1975, § 15-12-21(e). The Mobile Circuit Court reviews indigent-defense attorney-fee declarations in the following manner: The responsibility for reviewing and approving all fee declarations ‘rotates’ among the circuit judges on an approximately annual basis. The indigent-defense attorney-fee declarations are submitted to the currently designated reviewing judge and to a committee made up of five lawyers who practice criminal law in Mobile County. The designated judge reviews the committee’s recommendations, independently reviews each fee declaration, and then approves a fee, which is submitted to the State comptroller for payment.
“After receiving Bush’s ‘amended’ attorney-fee declarations, the Comptrol *991 ler’s Office notified Bush that the fees approved by Judge Chris Galanos, the designated reviewing judge, were substantially less than the amounts Bush had submitted. Bush inquired of Judge Galanos’s office and was told that Judge Galanos would not approve certain expenses. Judge Galanos had not asked Bush for an explanation of any amount or any expense that was being denied. Further, Judge Galanos had personally presided in only one of the cases in which he had reduced Bush’s requested fee. Bush petitioned for a writ of mandamus, asking the Court of Criminal Appeals to direct payment for all monies requested on his attorney-fee declarations. The Court of Criminal Appeals granted Bush’s petition, holding, in pertinent part, that ‘Judge Galanos [was] without jurisdiction to consider the fee claims for those cases not tried in his court.’ Ex parte Bush, 796 So.2d at 385.
“Thereafter, the judges of the Mobile Circuit Court who had been respondents as to Bush’s petition filed their own de novo mandamus petition in this Court, asking this Court to direct the Court of Criminal Appeals to vacate its writ of mandamus. They claimed that Bush had failed to make the showing necessary for the writ to issue and, therefore, that the Court of Criminal Appeals had erred in granting Bush’s petition. This Court held, in part, that the Court of Criminal Appeals did not have jurisdiction to hear Bush’s petition:
“ ‘We also note that “properly invoked jurisdiction” — the fifth requisite for obtaining mandamus relief — is absent here. Ala. Const.1901, Amend. No. 328, § 6.03, establishes the jurisdiction for Alabama’s Courts of Appeals. That section provides, in pertinent part:
“ ‘ “(c) The court of criminal appeals and the court of civil appeals shall have no original jurisdiction except the power to issue all writs necessary or appropriate in aid of appellate jurisdiction of the courts of appeals.
“ ‘ “(d) The court of criminal appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction .... ”
“ ‘Section 12-3-9, Ala.Code 1975, provides that “[t]he Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases.” Clearly, jurisdiction for Bush’s mandamus petition was not proper in the Court of Criminal Appeals.
“ ‘On the other hand, § 12-3-10 provides that “[t]he Court of Civil Appeals shall have exclusive appellate jurisdiction of all civil cases where the amount involved, exclusive of interest and costs, does not exceed $ 50,000 ... and all extraordinary writs arising from appeals in said cases.” Thus, after litigation in the circuit court, a judgment in a declaratory-judgment action may be appealed to the Court of Civil Appeals.’
“Galanos, 796 So.2d at 393. (Emphasis added [in Ex parte Smith ].)
“The Court of Criminal Appeals has no jurisdiction to hear mandamus petitions related to matters not appealable to that court. Galanos. Thus, the State’s petition to the Court of Criminal Appeals was defective because of the absence of a prerequisite for a writ of mandamus: ‘properly invoked jurisdiction.’ Id. (and cases cited therein).
*992 “Accordingly, [the defendant] is entitled to a writ of mandamus. The Court of Criminal Appeals is directed to vacate the writ of mandamus issued on the State’s petition in case number CR-99-0560.”
794 So.2d at 1091-93 (footnote omitted).
The underlying issue in the writ of mandamus in this case, i.e., the discovery of materials involved in a criminal proceeding for purposes unrelated to that proceeding, is not analytically distinguishable from the situation in Smith. That underlying issue of discovery for news publication was not “in relation to matters in which said court had appellate jurisdiction,” under Ala. Const.1901, Amend. No. 328, § 6.03, as delineated in Ala.Code 1975, § 12-3-9. Accordingly, I would conclude that the Court of Criminal Appeals did not have jurisdiction to address USNewsLink’s petition for a writ of mandamus, and I believe that the judgment of that court should be reversed and the cause remanded for the entry of an order dismissing USNews-Link’s petition for a writ of mandamus on that basis.

. This case involved the September 15, 1963, bombing of the Sixteenth Street Baptist Church in Birmingham, in which four young girls were killed.

. I also note that proceeding under this misreading of the rules, as it appears USNews-Link did in this case, leads to other problems with review by certiorari. In this case, for example, the Court of Criminal Appeals did not state any facts in its denial of USNews-Link's petition for a writ of mandamus, and because USNewsLink did not proceed via an application to that court for a rehearing and submission of additional facts, if had no means within the Rules of Appellate Procedure to present this Court with a statement of facts. In the absence of a clear direction in the rules, USNewsLink attempted to provide the Court with an "Alabama Rule of Appellate Procedure 10(d) Statement of the Proceedings.” Thus, the misreading of Rule 39(c)(1)(B) that an application for a rehearing is not a prerequisite to certiorari review of an action by the Court of Criminal Appeals on a petition for a writ of mandamus can result in a situation where the statement of facts required for this Court's review by Rule 39(d)(5) cannot be obtained because there is no application for rehearing from which the statement of facts is to be "copied verbatim.” Rules 39(d)(5)(A) and (B).

. The comments to Rule 39 discussing the May 19, 2000, amendment give no indication that the amendment envisioned any change regarding Supreme Court review of extraordinary writs.