COBB, Judge.
On June 1, 2001, David McLaurin pleaded guilty to producing an obscene photograph of a minor. On that same day, the trial court sentenced him to 10 years in prison. He did not appeal his conviction or sentence.
On February 4, 2004, McLaurin filed this, his second, Rule 32, Ala. R.Crim. P., petition. Without requiring a response from the State, the circuit court summarily denied the petition on February 20, 2004. This appeal followed.
In his petition, McLaurin claimed that the trial court erred 1) by accepting his guilty plea within 15 days of his arrest[1] in violation of § 15-15-22, Ala.Code 1975;[2] 2) by accepting his guilty plea within 3 days of being notified of McLaurin’s intention to plead guilty, in violation of § 15-15-22; 3) by accepting his guilty plea without an indictment or information; and 4) by failing to notify him of a date for the formal acceptance of the plea, in violation of § 15-15-22. On appeal, McLaurin reiterates the claims from his petition.
“[Wjhen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001). “If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v. State, 516 So.2d 936 (Ala.Cr.App.1987).” Reed v. State, 748 So.2d 231, 233 (Ala.Crim.App.1999).
Initially, we note that the supplemental record belies McLaurin’s claim that his plea was accepted without an information having been filed. Rather, the information was filed on May 31, 2001, and McLaurin pleaded guilty on June 1, 2001. Therefore, this claim is without merit.
*1012 Additionally, McLaurin’s fourth claim regarding his alleged failure to receive notice, which does not implicate the subject matter jurisdiction of the trial court, is precluded by the limitations period in Rule 32.2(c), Ala. R.Crim. P.
As for McLaurin’s two remaining claims, we note that “[flailure to comply with the mandatory requirements of § 15-15-22 voids any judgment entered under the provisions of §§ 15-15-20 et seq.” Ross v. State, 529 So.2d 1074, 1075 (Ala.Crim.App.1988). However, in 1996, the Legislature enacted § 15-15-20.1, Ala. Code 1975, which reads, in pertinent part:
“Upon the filing of an information, the court shall ascertain whether the defendant has retained counsel, and, shall appoint counsel if the defendant is indigent. The court shall set an arraignment date to enable the defendant to formally enter a plea of guilty in open court. Arraignment may be held and the guilty plea entered at any time after the filing of an information.”
§ 15-15-20.1(c), Ala.Code 1975 (emphasis added).
In Ex parte Hambrick, 774 So.2d 535, 536 (Ala.2000), the Alabama Supreme Court held that
“the Legislature, by adopting, in 1996, Act No. 96-531, Ala. Acts 1996, which is codified as § 15-15-20.1, Ala.Code 1975, intended to repeal the three-day waiting requirement set forth in § 15-15-22, Ala.Code 1975, and also, by adopting § 15 — 15—20.1(h), intended to supersede the provisions of Rule 2.2(e), Ala. R.Crim. P. Cf. Ex parte Stewart, 730 So.2d 1246, 1250 (Ala.1999) (holding that the Legislature implicitly repealed the provisions of Rule 19.3, Ala. R.Crim. P., relating to jury sequestration).”
(Footnotes omitted.) Thus, McLaurin’s three-day claim is without merit.
As for his 15-day claim, we agree with the State that the holding in Ham-brick implies that any other portion of § 15-15-22 that conflicts with the later enacted § 15-15-20.1 shall be construed as superseded. Therefore, because the 15-day rule in § 15-15-22 conflicts with the edict in § 15-15-20.1 that “the guilty plea [may be] entered at any time after the filing of an information,” the 15-day rule is superseded by § 15-15-20.1, and McLau-rin’s claim is without merit.
Although McLaurin set out claims that implicated the subject matter jurisdiction of the trial court, he nonetheless failed to state claims upon which relief could be granted. Rule 32.6(b), Ala. R.Crim. P. Therefore, the circuit court’s summary disposition was appropriate. Rule 32.7(d), Ala. R.Crim. P.
For the reasons stated above, the judgment of the circuit court is affirmed.
AFFIRMED.
McMILLAN, PH., and BASCHAB, SHAW, and WISE, JJ., concur.

. McLaurin was arrested on May 19, 2001.

. Section 15-15-22, Ala.Code 1975, provides:
"When an information has been filed as provided in Section 15-15-21 and counsel employed or appointed, the court shall, by order entered upon the minutes of the court, fix a date for the defendant to formally make and enter his plea of guilty in open court, which date shall not be within 15 days after the arrest of the defendant nor within three days after notice to the court of his intention to plead guilty, and notice of such date shall be served by the sheriff upon the defendant and upon his counsel.”