Willie E. Lawrence is employed by the Alabama Department of Corrections ("ADOC") as a correctional officer. He injured his back while attempting to assist in restraining a prisoner. Lawrence filed a complaint against ADOC, alleging that he had been discriminated against because of his disability and retaliated against because of his long-standing union membership. After a hearing before a hearing officer, who found that no evidence supported Lawrence's claims, the Alabama State Personnel Board ("the Board") adopted the hearing officer's recommendation and denied Lawrence's complaint. Lawrence then filed a petition for judicial review of the Board's decision with the Montgomery Circuit Court pursuant to Ala. Code 1975, § 41-22-20(d). The Montgomery circuit judges all recused themselves from the case, so the case was assigned to Judge Thomas ap R. Jones of the Fourth Judicial Circuit. After a review of the administrative record and consideration of the parties' briefs, Judge Jones entered a judgment on November 5, 2001, affirming the Board's determination and denying Lawrence's request for injunctive relief under the Americans With Disabilities Act,42 U.S.C. § 12101 et seq. The clerk neglected to mail copies of the judgment to Lawrence, the Board, or ADOC.
In August 2003, Lawrence's attorney, thinking that the case was still on the court's docket, contacted the circuit clerk's office to inquire about the status of the case. Once he was informed of the entry of judgment in November 2001, Lawrence's attorney contacted ADOC and discovered that it, too, was not notified of the judgment. Lawrence then filed a motion for relief from judgment, purportedly pursuant to Rule 60(b)(6), Ala. R. Civ. P., in which he alleged that he had not received notice of the November 2001 judgment and requested that the court set aside that judgment and reenter it so that he could perfect an appeal from the judgment affirming the Board's denial of his claims. Judge Jones purported to grant the motion, citing Rule 77(d), Ala. R. Civ. P., and Etherton v. City of Homewood, *Page 128 700 So.2d 1374 (Ala. 1997) (remanding an otherwise untimely appeal for a trial court to consider, pursuant to Rule 77(d), whether the appellants should be granted an extension of time within which to file their appeal).
Although styled as a Rule 60(b)(6) motion, Lawrence's motion is in actuality a Rule 77(d) motion to extend the time for taking an appeal. Lindstrom v. Jones, 603 So.2d 960, 961 (Ala. 1992). The facts in Lindstrom are strikingly similar to those of the present case. The trial court in Lindstrom entered a judgment on December 14, 1990; Jones filed a timely postjudgment motion, which the trial court denied on January 3, 1991. Lindstrom,603 So.2d at 960. In October 1991, Jones filed what he styled as a Rule 60(b) motion seeking relief from the December 1990 judgment on the basis of his lack of notice of the trial court's January 1991 ruling on his postjudgment motion. Id. The trial court purported to grant Jones's motion, setting aside the December 1990 judgment and entering a new final judgment on December 18, 1991. Id. Our supreme court dismissed the appeal from that December 1991 judgment as being from a void judgment, stating:
 "Rule 77(d) provides the exclusive remedy in situations where a party claims lack of notice, and Rule 60(b) cannot be substituted as a method to extend the time within which to appeal.
 "As noted above, Rule 77(d) controls this case and prevents [the appellant's] alleged lack of notice from being a ground for a Rule 60(b) motion. Because it was filed more than 72 days (42 days for appeal, plus 30 days as allowed by Rule 77(d)) after the trial court's [judgment], the trial court had no jurisdiction to rule on the motion."
Lindstrom, 603 So.2d at 961 (emphasis added; internal citations omitted).
Although neither party raises the issue of jurisdiction to this court, we take notice of the lack of jurisdiction ex mero motu.See Ruzic v. State ex rel. Thornton, 866 So.2d 564, 568-69
(Ala.Civ.App. 2003) (discussing the general rule that this court notices lack of jurisdiction ex mero motu and citing to several cases noting that rule). Lawrence's motion, although captioned as a Rule 60(b) motion, was an untimely Rule 77(d) motion. SeeLindstrom, 603 So.2d at 961. The trial court had no jurisdiction to grant that untimely motion. See id. Accordingly, the trial court's order purporting to set aside its original November 2001 judgment and purporting to "reenter" that judgment as of November 18, 2003, is void. Because a void judgment such as the November 18, 2003, order will not support an appeal, see Jones v. Sears,Roebuck Co., 342 So.2d 16, 17 (Ala. 1977), and because Lawrence failed to timely appeal from the November 2001 judgment,see Rule 4(a)(1), Ala. R.App. P., Lawrence's appeal is dismissed.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.