THOMAS, Judge.
 

 Ronald Sutton, an inmate in a state correctional facility, sued Troy King, the at
 
 *617
 
 torney general; Richard Allen, the commissioner of the Alabama Department of Corrections; Governor Bob Riley; Billy Mitchem, Jimmy Patrick, and Dorothy Goode, wardens of state correctional facilities; and Lloyd Wallace, Patrick Robinson, David Tully, and Carolyn Golson, employees of the Alabama Department of Corrections, asserting what appears to be a 42 U.S.C. § 1983 claim that he was denied access to the courts due to inadequacies in the prison law library and the limitation on the times he could access the law library.
 
 [1]
 
 The defendants moved for a summary judgment on his claim, and the trial court, after a hearing at which Sutton was present, entered a judgment in favor of the defendants on December 4, 2008.
 

 On February 13, 2009, Sutton filed a motion that he styled as a Rule 60(a) and 60(b), Ala. R. Civ. P., motion in which he argued that “this Honorable Court should grant this motion [filed pursuant to] RULE 60(A) and (B) for the following reason: [Sutton] states he did not receive this court order until January 21st, 2009.”
 
 [2]
 
 The trial court denied Sutton’s motion on February 18, 2009, and Sutton appealed to the Alabama Court of Criminal Appeals on March 3, 2009. The Court of Criminal Appeals transferred the appeal to this court, we transferred the appeal to our supreme court because it falls within its jurisdiction, and the supreme court transferred the appeal back to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
 

 On appeal, Sutton argues only the merits of his original claim, asserting essentially (but poorly and without citation to appropriate supporting authority regarding summary judgments) that the trial court erred in entering a summary judgment in favor of the defendants. However, we cannot consider that argument because Sutton did not appeal from the summary judgment. Instead, he appealed from the denial of his purported Rule 60 motion. Had his motion been a Rule 60 motion, we could have entertained only arguments pertaining to the propriety of the order denying that motion and not the propriety of the underlying summary judgment.
 
 See, e.g., Ex parte Tampling Tile Co.,
 
 551 So.2d 1072, 1075 (Ala.Civ.App.1989). However, based on his request that the trial court grant relief from the summary judgment on the basis of Sutton’s lack of notice of the entry of the judgment, Sutton’s motion was, in fact, a Rule 77(d), Ala. R. Civ. P., motion seeking an extension of the time to take an appeal.
 
 [3]
 

 See Lindstrom v. Jones,
 
 603 So.2d 960, 961 (Ala.1992) (“Rule 77(d) provides the exclusive remedy in situations where a
 
 *618
 
 party claims lack of notice, and Rule 60(b) cannot be substituted as a method to extend the time within which to appeal.”);
 
 Lawrence v. Alabama State Pers. Bd.,
 
 910 So.2d 126, 128 (Ala.Civ.App.2004); and
 
 Ireland v. Piggly Wiggly Alabama Distrib. Co.,
 
 719 So.2d 844, 845 (Ala.Civ.App. 1998).
 

 Unlike the motions made in
 
 Lindstrom, Lawrence,
 
 and
 
 Ireland,
 
 Sutton’s motion was timely under Rule 77(d), because it was filed on the 71st day of the 72-day period during which the trial court had jurisdiction to consider a Rule 77(d) motion.
 
 See Lindstrom,
 
 603 So.2d at 961 (stating that a Rule 77(d) motion is untimely if “filed more than 72 days (42 days for appeal, plus 30 days as allowed by Rule 77(d))” after the entry of judgment). In addition, unlike the trial courts in
 
 Lind-strom, Lawrence,
 
 and
 
 Ireland,
 
 which each granted an untimely Rule 77(d) motion, the trial court in the present case
 
 denied
 
 Sutton’s timely Rule 77(d) motion. Sutton makes no argument pertaining to the denial of his request for an extension of the time to appeal under Rule 77(d) in his brief on appeal, leaving us with nothing to review.
 
 See Tucker v. Cullman-Jefferson Counties Gas Dist.,
 
 864 So.2d 317, 319 (Ala.2003) (“ ‘An appeals court will consider only those issues properly delineated as such, and no matter will be considered on appeal unless
 
 presented and argued
 
 in brief.’ ” (quoting
 
 Braxton v. Stewart,
 
 539 So.2d 284, 286 (Ala.Civ.App.1988))). Therefore, we affirm the judgment of the trial court denying Sutton’s motion.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . In his complaint, Sutton also mentions briefly that "physical injury has already occurred due to the meat patties that are prepared by inmates and the diet that is served.” It appears that Sutton did not intend to pursue that claim based upon his arguments before the trial court. In any event, the defendants filed a motion for a summary judgment on that claim, which Sutton did not oppose, and the trial court entered a summary judgment for the defendants on that claim.
 

 [2]
 

 . Sutton made other arguments, including arguments related to the history of racial discrimination in the City of Montgomery; however, those arguments are not relevant to his request for relief.
 

 [3]
 

 . Rule 77(d) reads, in pertinent part:
 

 "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions.”