PITTMAN, Judge.
 

 On September 30, 2009, the Alabama State Board of Medical Examiners (“the Board”),' the body that administers the process of registration of medical practitioners for purposes of permission to dispense controlled substances
 
 (see generally
 
 Ala.Code 1975, § 20-2-50 et seq.), issued an administrative order directing Dr. El-dred Mattatha Brunson to appear at a hearing and to show cause, if any existed, why his registration permitting him to dispense such substances should not be revoked in light of his alleged violation of Ala.Code 1975, § 20-2-54(a)(5) (which pertains to excessive dispensing of controlled substances for any patient). After a hearing on January 10, 2010, the Board rendered an order on February 17, 2010, revoking Dr. Brunson’s “Alabama Controlled Substances Certificate” pursuant to § 20-2-54(a)(5).
 
 [1]
 

 On May 17, 2010, Dr. Brunson appealed from that revocation order to this court, which has exclusive appellate jurisdiction pursuant to Ala.Code 1975, § 34-24-380(c) (as enacted in 2008). However, it appears from our examination of the record after the submission of this case for decision that Dr. Brunson failed to timely invoke this court’s appellate jurisdiction.
 

 Section 20-2-53(b), Ala.Code 1975, provides that a party seeking judicial review of an order revoking a controlled-substances registration may obtain such review by filing a written petition for review “in accordance with Section 41-22-20,” Ala.Code 1975, a portion of the Alabama Administrative Procedure Act (“AAPA”).
 
 [2]
 
 Under the AAPA, a notice of
 
 *915
 
 appeal or review is to be filed with the rendering agency “within 30 days after the receipt of the notice or other service of the final decision of the agency” or, if administrative rehearing is sought, within 30 days after the decision on the application for rehearing; in turn, an appealing party must file a petition for judicial review in the reviewing court within 30 days after filing the notice of appeal or review with the rendering agency. Ala.Code 1975, § 41-22-20(d). “Appeals from decisions of administrative agencies are statutory, and the time periods provided for the filing of notice of appeals and petitions must be strictly observed,” on pain of dismissal.
 
 Eitzen v. Medical Licensure Comm’n of Alabama,
 
 709 So.2d 1239, 1240 (Ala.Civ. App.1998). Further, any failure to act within the periods prescribed by the AAPA will be noted by this court
 
 ex mero motu,
 
 and the appeal dismissed, notwithstanding any failure by the parties to raise the jurisdictional defect in their briefs.
 
 See Lawrence v. Alabama State Pers. Bd.,
 
 910 So.2d 126, 128 (Ala.Civ.App.2004).
 

 Although Dr. Brunson’s appellate docketing statement indicates that he filed a “notice of intent to appeal” on March 24, 2010, the appellate record transmitted by the Board to this court does not reflect the filing of any notice of appeal or review with the Board, much less the filing of such a notice within 30 days after receipt of the Board’s February 17, 2010, order. There is also no indication that Dr. Brun-son filed any application for administrative rehearing with the Board or that the Board acted on such an application in a manner that might have tolled the time for filing a notice of appeal or review under § 41 — 22—20(d). Finally, and perhaps most saliently, Dr. Brunson did not file a petition for judicial review in this court until
 
 May
 
 17, 2010, more than 30 days after the date upon which Dr. Brunson purportedly filed a “notice of intent to appeal” with the Board. Thus, for all that the record shows, Dr. Brunson missed
 
 both
 
 the AAPA’s deadline for filing a notice of appeal or review
 
 and
 
 the AAPA’s deadline for filing a petition for judicial review.
 

 It may be contended that Dr. Brunson’s appeal is saved by application of Rule 4(a), Ala. R.App. P., which was adopted in 1975 and which provides that a notice of appeal “shall be filed with the clerk of the
 
 trial court
 
 within 42 days” of the date of the entry of the order from which the appeal is taken. We question the facial applicability of Rule 4(a) in a setting in which there is no “trial court” with which to file a notice of appeal. Even if it were assumed, however, that Rule 4(a) might somehow have been applied to administrative appeals taken to this court at the time of its promulgation, the legislature maintains the constitutional power, pursuant to § 150 of the Alabama Constitution (as amended by Amendment No. 328 and thereafter recompiled), to abrogate rules of court by enacting “general aet[s] of statewide application” such as § 20-2-53(b) (which, as we have said, expressly incorporates the procedures and time frames set forth in § 41-22-20) and § 34-24-380(c) (vesting this court with the appellate jurisdiction that would ordinarily be vested in the circuit courts of this state). The legislature having expressly provided that the AAPA applies to appeals from orders of the Board pertaining to controlled-substances registrations, we conclude that Rule 4(a) has no field of operation here.
 

 
 *916
 
 For the reasons stated herein, we dismiss Dr. Brunson’s appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and BRYAN and MOORE, JJ., concur.
 

 THOMAS, J., concurs in the result, without writing. '
 

 [1]
 

 . No case or docket number was assigned to the proceeding before the Board.
 

 [2]
 

 . Although subsections (b) and (c) of § 20-2-53, which was last amended in 2002, specify that judicial review of such orders is to occur in die Montgomery Circuit Court, § 34-24-380(c), which was added pursuant to Ala. Acts 2008, Act No. 2008-397, provides that this court is the exclusive appellate venue as to those orders. To the extent that those two statutes are in direct and irreconcilable con
 
 *915
 
 flict concerning the proper appellate forum, § 34-24-380(c), being the later expression of legislative intent, prevails.
 
 See Ex parte Stewart,
 
 730 So.2d 1246, 1250 (Ala. 1999) (describing repeal by implication as "an accepted legislative tool”).