72 So.3d 679 (2011)
Brian E. CRESSMAN, M.D.
v.
ALABAMA BOARD OF MEDICAL EXAMINERS.
2090989.
Court of Civil Appeals of Alabama.
May 6, 2011.
James S. Robinson, Birmingham, for appellant.
William F. Addison, Montgomery, for appellee.

On Rehearing Ex Mero Motu
PER CURIAM.
This court's opinion of December 10, 2010, is withdrawn, and the following is substituted therefor.
The Alabama Board of Medical Examiners ("the Board") ordered Brian E. Cressman, M.D., to appear for a hearing to show cause why his Alabama Controlled Substances Certificate ("ACSC") should not be revoked. Following the hearing, the Board issued a decision on June 21, 2010, revoking Dr. Cressman's ACSC. On July *680 21, 2010, Dr. Cressman filed a notice of appeal with this court. We dismiss the appeal.
In Brunson v. Alabama State Board of Medical Examiners, 69 So.3d 913 (Ala.Civ. App.2011), this court discussed the procedure for seeking judicial review of a decision of the Board revoking an ACSC. In Brunson, this court explained:
"Dr. Brunson appealed from th[e Board's] ... order [revoking his ACSC] to this court, which has exclusive appellate jurisdiction pursuant to Ala.Code 1975, § 34-24-380(c) (as enacted in 2008). However, it appears from our examination of the record after the submission of this case for decision that Dr. Brunson failed to timely invoke this court's appellate jurisdiction.
"Section 20-2-53(b), Ala.Code 1975, provides that a party seeking judicial review of an order revoking a controlled-substances registration may obtain such review by filing a written petition for review `in accordance with Section 41-22-20,' Ala.Code 1975, a portion of the Alabama Administrative Procedure Act (`AAPA').2 Under the AAPA, a notice of appeal or review is to be filed with the rendering agency `within 30 days after the receipt of the notice or other service of the final decision of the agency' or, if administrative rehearing is sought, within 30 days after the decision on the application for rehearing; in turn, an appealing party must file a petition for judicial review in the reviewing court within 30 days after filing the notice of appeal or review with the rendering agency. Ala.Code 1975, § 41-22-20(d). `Appeals from decisions of administrative agencies are statutory, and the time periods provided for the filing of notice of appeals and petitions must be strictly observed,' on pain of dismissal. Eitzen v. Medical Licensure Comm'n of Alabama, 709 So.2d 1239, 1240 (Ala.Civ. App.1998). Further, any failure to act within the periods prescribed by the AAPA will be noted by this court ex mero motu, and the appeal dismissed, notwithstanding any failure by the parties to raise the jurisdictional defect in their briefs. See Lawrence v. Alabama State Pers. Bd., 910 So.2d 126, 128 (Ala. Civ.App.2004).
"Although Dr. Brunson's appellate docketing statement indicates that he filed a `notice of intent to appeal' on March 24, 2010, the appellate record transmitted by the Board to this court does not reflect the filing of any notice of appeal or review with the Board, much less the filing of such a notice within 30 days after receipt of the Board's February 17, 2010, order. There is also no indication that Dr. Brunson filed any application for administrative rehearing with the Board or that the Board acted on such an application in a manner that might have tolled the time for filing a notice of appeal or review under § 41-22-20(d). Finally, and perhaps most saliently, Dr. Brunson did not file a petition for judicial review in this court until May 17, 2010, more than 30 days after the date upon which Dr. Brunson purportedly filed a `notice of intent to appeal' with the Board. Thus, for all that the record shows, Dr. Brunson missed both the AAPA's deadline for filing a notice of appeal or review and the AAPA's deadline for filing a petition for judicial review.
"2 Although subsections (b) and (c) of § 20-2-53, which was last amended in 2002, specify that judicial review of such orders is to occur in the Montgomery Circuit Court, § 34-24-380(c), which was added pursuant to Ala. Acts 2008, Act No. 2008-397, provides that this court is the exclusive appellate venue as to those orders. To the extent that those two statutes are in direct and irreconcilable conflict concerning the proper appellate *681 forum, § 34-24-380(c), being the later expression of legislative intent, prevails. See Ex parte Stewart, 730 So.2d 1246, 1250 (Ala. 1999) (describing repeal by implication as `an accepted legislative tool')."
Brunson, 69 So.3d at 914-15.
In this case, Dr. Cressman filed his notice of appeal with this court rather than with the Board. Because Dr. Cressman did not file a timely notice of appeal with the Board, he did not invoke this court's jurisdiction, and, consequently, we must dismiss the appeal. Id.
We recognize that § 34-24-380(c), Ala. Code 1975, provides that "any action commenced for the purpose of seeking judicial review of an order or decision of the ... Board ... suspending or revoking a[n ACSC] ... must be filed, commenced, and maintained in the Alabama Court of Civil Appeals." In Eley v. Medical Licensure Commission of Alabama, 904 So.2d 269 (Ala.Civ.App.2003), this court construed a similar provision in § 34-24-367, Ala.Code 1975, which at that time provided that the judicial review of an administrative decision of the Medical Licensure Commission ("the Commission") "must be filed, commenced, and maintained in the Circuit Court of Montgomery County, Alabama."[1] In that case, a physician, Eley, sought judicial review of the Commission's order revoking his medical license by filing a notice of appeal with the Montgomery Circuit Court. 904 So.2d at 275. This court explained that the requirement that an appeal be "filed, commenced, and maintained" in the Montgomery Circuit Court indicated that the notice of appeal was to be filed with the Commission:
"Eley contends on appeal that the first sentence of § 41-22-20(b), [a part of the Alabama Administrative Procedure Act, § 41-22-1 et seq., Ala.Code 1975,] providing for the institution of an appeal by the filing of a notice of appeal with the agency, is overridden by the more specific provision of § 34-24-367, Ala.Code 1975, providing for the filing in the Circuit Court of Montgomery County of any action commenced for the purpose of seeking judicial review of an administrative decision of the Commission. We consider this particular provision of § 34-24-367 as being intended to address where judicial review is to be commenced and maintained, not how it is to be commenced or maintained, particularly in light of the fact that this provision was in place at the time the Court of Civil Appeals decided Eitzen v. Medical Licensure Commission of Alabama, 709 So.2d 1239 (Ala.Civ.App.1998) [(dismissing an appeal from an order of the Commission when the appellant failed to file a notice of appeal with the Commission) ]...."
Eley, 904 So.2d at 274 n. 2.
Thus, in order to file, commence, and maintain his appeal in this court under § 34-24-380(c), Dr. Cressman was required to file a timely notice of appeal with the Board. Brunson, Eley, and Eitzen. Because Dr. Cressman failed to do so, we must dismiss the appeal.
ON REHEARING EX MERO MOTU: OPINION OF DECEMBER 10, 2010, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., concurs specially, with writing, which THOMPSON, P.J., joins.
*682 BRYAN, Judge, concurring specially.
I concur in the main opinion. Because Dr. Cressman did not file a timely notice of appeal with the Alabama Board of Medical Examiners ("the Board"), we must dismiss the appeal. I write specially to note that the provision in § 34-24-380(c), Ala. Code 1975, merely requiring an appeal from a decision of the Board to be "filed, commenced, and maintained in the Alabama Court of Civil Appeals" may be a trap for the unwary. I urge the legislature to clarify the procedure for appealing from a decision of the Board.
THOMPSON, P.J., concurs.
NOTES
[1] Section 34-24-367, as amended in 2008, now provides, in pertinent part, that "any action commenced for the purpose of seeking judicial review of the administrative decisions of the ... Commission ... must be filed, commenced, and maintained in the Alabama Court of Civil Appeals."